JOHN BELLEFEUILLE, Appellant, v CITY AND COUNTY SAVINGS BANK, Defendant and Third-Party Plaintiff-Respondent. O'CONNELL & ARONOWITZ et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant.

Third Department, November 13, 1975

*Joseph P. Huberty (John J. Cavanaugh, Jr.,* of counsel), for appellant.

*Carter, Conboy, Bardwell & Case (James S. Carter* of counsel), for defendant and third-party plaintiff-respondent.

*Ainsworth, Sullivan, Tracy & Knauf (John E. Knauf* of counsel), for O'Connell & Aronowitz, third-party defendant-respondent.

*E. Stewart Jones (Arthur L. Rosen* of counsel), for Martin Business Furniture, Inc., third-party defendant-respondent.

LARKIN, J. Plaintiff sustained personal injuries when, in the course of his employment as a window washer, he fell from an office window in defendant's building. Plaintiff stood on a radiator cover which was so constructed as to cover the inside sill and form a new inside sill of the window. Upon a part of the cover, which had a formica-like surface, the plaintiff placed a cloth. This was done at his employer's direction in response to complaints. In attempting to wash the outside of the window, plaintiff had hooked one terminal of his safety belt when he found it necessary to re-enter the building to recover a dropped squeegee. Plaintiff had both feet inside the window, placed upon the radiator cover, with his head near the window and his right hand grasping the side of the window casing. As he reached out with his left hand to detach the safety hook, his right foot slipped on the cloth and he fell. Subsequent to the accident plaintiff told a doctor that he fell backwards out a window and told his foreman that his hand slipped from the sash as he was coming in. After a trial, a verdict of no cause of action was returned.

Plaintiff based his action upon alleged violations of the Labor Law (Labor Law, §§ 200, 202), and upon alleged violations of the Industrial Code (12 NYCRR 21.6), as well as upon common-law negligence. The objection to the charge which is the primary basis of plaintiff's first argument arises from the trial court's treatment of portions of the Industrial Code. The Industrial Code provides that a window cleaner "shall not work on a sill or ledge on which there is snow, ice or other slippery substance" (12 NYCRR 21.6 [i]), and that he "shall not stand or support himself on any object placed on a sill or ledge" (12 NYCRR 21.6 [j]).

Plaintiff claims that the reading of these sections by the trial court followed by an instruction that a finding of a violation of one or more of the regulations by plaintiff could be considered as some evidence of contributory negligence was, under the particular facts of this case, prejudicial error. This claim is based upon the alleged error of the court in not instructing the jury that there was an issue of fact as to whether the radiator cover was a "sill or ledge" within the meaning of the quoted regulations. Plaintiff argues that the failure of the court to point out this factual issue, as well as the issue of whether the cloth was a "slippery substance"

within the meaning of 12 NYCRR 21.6 (subd [i]), "might well" have led to an inference on the part of the jury that the court had determined these issues. Such a determination, in plaintiff's view, would not be supported by the testimony or by dictionary definitions of the words "ledge" and "sill".

It is significant that no exceptions were taken to the court's charge *(Brown v Du Frey,* 1 NY2d 190). We disagree with plaintiff's claim that the trial court led the jury to believe that these issues had been determined. As a matter of fact, during the course of the trial the court specifically stated to the jury that the question of whether the cloth was a "slippery substance" was "a determination that you are going to have to make". Furthermore, our examination of the entire record leads us to the conclusion that the jury was fully apprised of the existence of this issue of fact. The jury was provided with ample evidence throughout the trial, particularly by several clear pictures placed into evidence by plaintiff, to fully alert it to the factual issues. We find the court properly charged the jury in respect to the provisions of the Labor Law. The charge herein incorporated the factual contentions of the parties in respect to the legal principles charged *(Green v Downs,* 27 NY2d 205).

Plaintiff alleges that a workman acting in accordance with the orders of his employer in using a cloth on the radiator cover cannot be found contributorily negligent "as a matter of law". This is an incorrect statement. Mere obedience to an order does not justify an act performed with reckless disregard of one's own safety or in utter disregard of reasonable prudence *(Boerio v Haiss Motor Trucking Co.,* 7 AD2d 228).

Plaintiff's second major argument is based upon the exclusion by the trial court of evidence as to the previous condition of the radiator and as to prior repairs and installations. The trial court correctly stated that the question in this case was "the condition of the windows on the day that this man met his accident". Absent an issue of notice of a defective condition needing repair or of control by a particular party which might have justified such proof, the evidence excluded was not relevant or material to the condition of the window on the day in question and, therefore, of no probative value.

Finally, plaintiff claims that the court exercised its influence in a manner prejudicial to plaintiff and thereby deprived him of a fair trial. Plaintiff, by presenting statistics as to the percentage of pages of the record in which the court was

quoted argues that the extent of the court's participation was "unusual and unprecedented". Specific instances are cited in an effort to demonstrate that the nature of the participation was hostile to plaintiff and his attorney. Our examination of the record indicates that plaintiff has presented an exaggerated picture of the actual interjection of the Trial Judge into the trial and that, in large part, his questions or comments were made for the purpose of bringing out facts material to the issues in the trial.

There is ample evidence in this record to support the determination of the jury. Plaintiff has failed to demonstrate that the jury verdict herein was "clearly against the weight of the evidence" or "so clearly wrong that 'no reasonable man would solve the litigation in the way the jury has chosen to do'" *(Kinsfather v Grueneberg,* 47 AD2d 789, 790).

The judgment and order should be affirmed, without costs.

KANE, J. (dissenting). The court should not have excluded evidence of the prior condition of the radiator and its surroundings. Plaintiff testified that he had cleaned the same window before the radiator cover was installed. His complaint and bill of particulars clearly set forth allegations of affirmative negligence in that these alterations deprived him of a safe route of access to the window. We are not, therefore, dealing with a question of notice of a defective condition or control of a particular area. Plaintiff further testified that he was unable to attach his safety belt to the outside anchor without mounting the radiator cover. Under these circumstances, it was crucial for him to establish his prior access route and, in particular, whether he had formerly been able to reach that anchor from the security of the inside office floor; yet it was proof of this very subject which was disallowed. To deprive plaintiff of the opportunity to present this evidence in a close and hotly contested case in which the court extensively participated by question and comment is, in my opinion, error sufficient to warrant reversal of the judgment and a new trial.

GREENBLOTT, J. P., MAIN and REYNOLDS, JJ., concur with LARKIN, J.; KANE, J., dissents and votes to reverse in an opinion.

Judgment and order affirmed, without costs.