JOHN W. RAYMOND et al., Appellants, v ROGER ORMSBY, Defendant and Third-Party Plaintiff-Respondent. MARIE E. BESHA, as Executrix of HAROLD J. BESHA, Deceased, Third-Party Defendant-Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 29, 1975 in Rensselaer County, which denied third-party defendant's motion for leave to serve an amended third-party answer to the third-party complaint. On February 24, 1971, plaintiff John Raymond was injured when an automobile in which he was a passenger collided with a pickup truck operated by defendant Ormsby. Owned by the State of New York, the automobile in question was being operated by third-party defendant's deceased, Harold Besha, and for purposes of Special Term's order it is assumed that Mr. Raymond and Mr. Besha were coemployees in the course of their employment at the time of the accident. Following the mishap, plaintiffs sued Ormsby for damages allegedly resulting from his negligence, and seeking contribution under the principles of *Dole v Dow Chem. Co.* (30 NY2d 143), Ormsby then sued third-party defendant Marie Besha as executrix of Harold Besha's estate. For her part, third-party defendant served an answer and thereafter moved for leave to serve an amended answer so as to include the

defense that subdivision 6 of section 29 of the Workmen's Compensation Law prohibits defendant from bringing his third-party action. Finding that the subject statute is not a bar to this type of action and, accordingly, that the asserted defense is insufficient as a matter of law, Special Term denied the motion, and this appeal ensued. We find that the order of Special Term must be affirmed. In so ruling, we note that, although leave to amend should generally be freely given (CPLR 3025, subd [b]), it should be denied where the proposed amendment is plainly insufficient on its face (Norton v Norton, 12 AD2d 1003, 6 Carmody-Wait 2d, NY Prac, § 34.22, p 88). Here, the relevant statute provides that: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ." (Workmen's Compensation Law, § 29, subd 6.) That this quoted language constitutes a legislative attempt to delineate rights as between coemployees is obvious. However, in the present instance it is likewise clear that defendant Ormsby is not a coemployee of the deceased Harold Besha and that he is seeking recovery for the breach of an independent duty or obligation owed to him by Besha by reason of the alleged negligence of the latter. Such being the case, our affirmance of Special Term's order is not contrary to the sociological purposes for which the Workmen's Compensation Law was enacted, but rather serves only to protect defendant Ormsby from being held responsible for greater than his proportionate share of any damages caused to plaintiffs. To the same effect is Bellefeuille v City & County Sav. Bank (74 Misc 2d 534, mod on other grounds 43 AD2d 335; 49 AD2d 323, affd 40 NY2d 879) where an employer was a third-party defendant in a comparable situation. While we are here concerned with a third-party defendant's deceased employee, no good reason is presented to treat him differently than a similarly placed employer, particularly since the Workmen's Compensation Law does not differentiate between the two classes as defendants in direct actions by employees (Workmen's Compensation Law, §§ 11, 29, subd 6). Order affirmed, with costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.