■ MIRO GRANCARIS et al., Respondents, v J. I. HASS CO. et al., Appellants, et al., Defendants, and LOUISVILLE LADDER Co. et al., Respondents.—Order of the Supreme Court, New York County, dated July 23, 1979*, granting reargument, and upon such reargument denying the motion of defendant J. I. Hass Co., Inc., to dismiss the cross claims against it and the motion of defendant J. I. Hass Equipment Co., Inc., to dismiss the complaint and all cross claims against it, unanimously reversed to the extent appealed from, on the law, without costs, and the

---

* Notwithstanding the failure to settle an order, the court has treated the document of July 23, 1979 as though it was the order from which a proper appeal lies for the reason that the parties have elected to do so.

motions granted. U. S. Steel Corp. (Steel) was retained by the Chesapeake Bay Bridge Authority to repair a bridge spanning Chesapeake Bay. Steel hired J. I. Hass Co., Inc. (Hass), a New Jersey corporation, as its painting subcontractor. J. I. Hass Equipment Co., Inc. (Equipment), a subsidiary of Hass, is a New Jersey corporation which, it is claimed, provides equipment, scaffolding and other related devices to Hass for use in connection with its steel painting business. Plaintiffs are two employees of Hass who were hired by Hass or Equipment or both through the union hall maintained by Local 806 of the Structural Steel Workers located in New York City to work on the project. On July 27, 1973, plaintiffs were working on a scaffold when a cable gave way precipitating them into Chesapeake Bay. They were seriously injured as a result of the accident. Suit was commenced by them against Hass, Equipment, Steel, and others alleged in some way to be connected with the accident. Hass and Equipment asserted cross claims against the other defendants and, in turn, the other defendants asserted cross claims against Hass and Equipment. Hass carried workers' compensation which complied with the requirements of the New York Workers' Compensation Law. Plaintiffs made application for and received benefits under the Hass workers' compensation policy. Hass moved to dismiss the complaint and cross claims upon the ground that the action against it was barred by subdivision 6 of section 29 of the Workers' Compensation Law of this State, which provides that in the event of the injury or death of an employee arising out of or in the course of his employment, the sole remedy of the employee against his employer shall be under the Workers' Compensation Act. Special Term granted the motion to dismiss the complaint, noting that both under New York and Maryland law the sole remedy of plaintiffs with respect to Hass lay under the workers' compensation acts of either or both States. However, it refused to dismiss the cross claims against Hass, asserting that under New York law, the law of the forum, Hass still remained subject to a claim for contribution from a joint tort-feasor *(Dole v Dow Chem. Co.,* 30 NY2d 143; *Raymond v Ormsby,* 54 AD2d 1021). By the same decision, summary judgment was granted in favor of another defendant who was not shown to have manufactured or sold the steel cable used in connection with the scaffold involved in the accident. No appeal was taken from that determination. Thereafter, Steel moved to dismiss the complaint and cross claims against it. By separate motion, Hass (which already had obtained a dismissal of the complaint but not of the cross claims) and Equipment moved for the same relief. Special Term granted the motion by Steel and dismissed both the complaint and the cross claims as against it, noting that the contract was entered into in Maryland and was performed in that State; that the accident occurred there; that, under Maryland law, Steel was, by statute, the paramount employer and was required to and did provide for itself and its subcontractors, workmen's compensation insurance under the Workmen's Compensation Act of that State; that under the Maryland act the sole remedy of plaintiffs against Steel was under that act; and finally, that Maryland had no equivalent of our *Dole-Dow* rule which permits contribution against an employer who is a joint tort-feasor even though no recovery may be had against him in the first instance by an employee. As to Hass and Equipment, the motion was denied upon the theory that the *Dole-Dow* rule might be applicable to them. Thereafter, reargument was

sought and granted. However, the original determination was adhered to on the theory that Hass and Equipment subjected themselves to New York law by doing business in New York, hiring plaintiffs in this State and directing them to Maryland to perform the work in question. It is from this determination that Hass and Equipment appeal. Although the complaint alleges that Equipment supplied scaffolding and other related devices to Hass, the two causes of action alleged against Equipment seek to impose liability upon that defendant upon the theories (1) that it was plaintiffs' *employer* and as such employer, it negligently failed to inspect the scaffolding and the supporting cable; and (2) that it failed to provide plaintiffs with a safe place to work in violation of the law of *Maryland* and Federal law. Thus, it is clear from the complaint that plaintiffs are relying on *Maryland* law. As indicated, that law bars the action and Special Term erred in holding otherwise. We are of the opinion that Maryland law applies also to the cross claims. Tort cases, though transitory, still remain subject, in choice of law matters, to the rule of *lex loci delicti* except in rare instances *(Cousins v Instrument Flyers*, 44 NY2d 698), not here applicable. Whether we apply that rule or the rule that the law of the jurisdiction having the greatest cluster of contacts with the incident giving rise to the suit is applicable, is immaterial, for both point to Maryland. Since under Maryland law, contribution is impermissible against an employer, there is no basis for permitting the cross claims to stand. Moreover, while it is conceivable that actions may arise against multiple defendants where the law of different jurisdictions may be applicable to different defendants, that is scarcely the case here. Accordingly, we reverse to dismiss the complaint as against Equipment and the cross claims against both Hass and Equipment. Concur—Kupferman, J. P., Birns, Fein, Ross and Bloom, JJ.