■ Anne E. Prosser, Respondent, v Joseph Gouveia et al., Appellants. — Order and judgment unanimously reversed, without costs, and defendants' motion granted. Memorandum: Plaintiff commenced this action pursuant to RPAPL article 15 seeking a judgment declaring that her property is not subject to an easement in favor of defendants for use of a water line running across her property or any other purpose. Plaintiff also seeks an injunction restraining defendants from using the water line. Defendants' answer contained a counterclaim seeking a declaration that plaintiff's property is subject to an easement in their favor. Plaintiff moved to strike defendants' answer and for summary judgment. Plaintiff, in her supporting affidavit, stated that she and defendants' predecessor in title had constructed the water line in 1961 pursuant to an oral agreement. Special Term denied plaintiff's motion on the

ground that because the oral agreement constituted a license, defendants may have a cause of action for the premature termination of a license. Defendants then moved for leave to amend the answer pursuant to CPLR 3025 (subd [b]). The proposed answer contains new allegations that plaintiff and defendants' predecessor in title had agreed that the water line would be maintained for the use of both of their parcels and that their predecessor in title had incurred the joint expense of installing the water line in reliance upon this agreement. Based on these allegations, the proposed answer asserted a new counterclaim that defendants have a license coupled with an interest. Plaintiff opposed defendants' motion for leave to amend. Special Term denied defendants' motion and granted plaintiff summary judgment declaring that her property is not subject to an easement or license coupled with an interest in favor of defendants. Special Term erred in granting plaintiff summary judgment in the absence of a motion by either party seeking that relief (CPLR 3212). Additionally, since plaintiff's previous motion for summary judgment had been denied by another Judge of the same court and because there was no additional factual basis, Special Term's action was improper since the previous order denying summary judgment constituted the law of the case (*George W. Collins, Inc. v Olsker-McLain Inds.*, 22 AD2d 485). Defendants' motion for leave to amend was also improperly denied. Leave to amend should be freely given in the absence of prejudice to the other party (CPLR 3025, subd [b]). Plaintiff, however, made no claim of prejudice before Special Term. Special Term denied defendants' motion on the ground that neither of their counterclaims stated a cause of action. Leave to amend should only be denied on this ground when the causes of action set forth in the amendment are palpably insufficient on their faces (*Raymond v Ormsby*, 54 AD2d 1021; *Norton v Norton*, 12 AD2d 1003). Only the sufficiency of defendants' newly asserted counterclaim, that they have an irrevocable license coupled with an interest, was before Special Term. An irrevocable license coupled with an interest may be found where there is an agreement founded on consideration and the licensee altered his or her position in reliance on the license (17 NY Jur, Easements and Licenses, §§ 212-214). Plaintiff previously admitted that she and defendants' predecessor in title entered into an oral agreement regarding the water line. Combined with defendants' allegations that plaintiff and defendants' predecessor shared the cost of installing and maintaining the water line and that defendants' predecessor did not install her own line in reliance on this agreement, defendants' counterclaim is not palpably insufficient on its face and should not have been dismissed (*Raymond v Ormsby, supra*). (Appeal from order and judgment of Supreme Court, Yates County, Dugan, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.