■ JEFFREY BEEKMAN, Appellant, v SYLVAN LAWRENCE, INC., Respondent. — Order of the Supreme Court, New York County (Richard Wallach, J.), entered April 24, 1984, denying plaintiff's motion to amend his complaint to assert a cause of action under

Labor Law § 240, modified, on the law, the facts and in the exercise of discretion, without costs, to deny the motion, without prejudice to renewal upon proper papers showing a basis for such relief.

Plaintiff brought this action against the owner and/or managing agent of premises 420 East 37th Street to recover for injuries suffered as the result of an accident occurring in the premises. Some four years after the accident and one year after the commencement of the action, he moved to add a cause of action alleging a violation of Labor Law § 240. Special Term denied the motion on the grounds that there was no affidavit of merits by a person having personal knowledge of the facts and that it was barred by the Statute of Limitations. We disagree with the reasons ascribed by Special Term for denial of the motion, although we agree that denial of the motion was proper. However, we would allow plaintiff the opportunity to renew upon proper papers.

Initially, we note that the original complaint may have sufficiently apprised defendant of the nature of the plaintiff's claim so that the proposed amended complaint falls within the ambit of CPLR 203 (e) (see, 1 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 203.29, 203.30).

However, the motion is supported solely by an attorney's affidavit. This is insufficient (Leonard Hosp. v Messier, 32 AD2d 596). Additionally, the papers set forth no basis for concluding that Labor Law § 240 was violated, or, indeed, is applicable. The sole allegation in that connection is that the action arose "out of events which took place on March 30, 1979, wherein plaintiff, while working upon a ladder at defendant's premises, was precipitated to the ground and suffered severe personal injuries". The proposed amended complaint supplements this by asserting that defendant employed plaintiff and failed to furnish or erect proper devices. If, in fact, the latter be the case, the action may well be barred under Workers' Compensation Law § 11 (cf. Grancaris v Hass Co., 79 AD2d 551), which provides that, as between employer and employee, workers' compensation is the exclusive remedy. In short, on this record, we are unable to determine whether amendment is or is not warranted. Accordingly, while we agree with Special Term that the motion must be denied, our denial is without prejudice to renewal upon proper papers in which plaintiff will be required to demonstrate that he has a viable claim under Labor Law § 240. Concur — Sandler, J. P., Ross, Bloom, Milonas and Ellerin, JJ.