Maureen Dunn, Plaintiff, v Catholic Home Bureau for Dependent Children et al., Defendants.

Supreme Court, New York County, January 11, 1989

## APPEARANCES OF COUNSEL

*Milburn & Ackerman (Terry Milburn* of counsel), for plaintiff. *McMahon, Martine & Merritt (William D. Gallagher* of counsel), for defendants.

## OPINION OF THE COURT

DIANE A. LEBEDEFF, J.

Plaintiff moves for an order granting leave to serve an amended complaint pursuant to CPLR 3025 (b) and an order compelling a response to a demand for insurance agreements previously served pursuant to CPLR 3101 (f). Defendants Catholic Home Bureau for Dependent Children (Catholic Home Bureau) and Sister Rosalie Gilson (Gilson) cross-move for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint. No motion is presented requesting dismissal of the action as against the Finnicans.

In this action, plaintiff seeks money damages for wrongful deprivation of the custody of her infant child and for social work malpractice. Plaintiff had placed her child with Catholic Home Bureau after consulting with Gilson, a Catholic Home

Bureau employee. The child was temporarily placed with the Finnicans.

After plaintiff revoked her consent to surrender for adoption, the Finnicans refused to return the child. After a habeas corpus proceeding, plaintiff secured custody of the child *(State of New York ex rel. Dunn v Catholic Home Bur. for Dependent Children,* 133 Misc 2d 399 [Sup Ct, NY County 1986], *revd* 125 AD2d 106 [1st Dept 1987]).

■ This court is satisfied that plaintiff has good ground to support her first cause of action for wrongful deprivation of the custody of the child against the Catholic Home Bureau and Gilson. As the Appellate Division observed on the appeal, the issue of custody was a matter between plaintiff and Catholic Home Bureau and the Catholic Home Bureau failed to follow the requirements of the Social Services Law with regard to the execution and filing of plaintiff's surrender agreement *(State of New York ex rel. Dunn v Catholic Home Bur. for Dependent Children, supra).* Although defendant has prepared a well-written brief on the limitations of a parent suing on a "Zone of Danger" theory, that theory is not the basis for this suit, which instead rests upon the cause of action for interference with custody recognized in *Pickle v Page* (252 NY 474) and *McEntee v New York Foundling Hosp.* (21 Misc 2d 903).

■ Further, plaintiff's second cause of action against Catholic Home Bureau and Gilson for social work malpractice shall survive this cross motion to dismiss. Gilson appears to have admitted paragraph 5 of the original complaint, which alleges that she was employed by Catholic Home Bureau at all relevant times as a social worker. Although plaintiff has cited no authority for this cause of action, the Legislature has provided standards for licensing qualified individuals as "certified social worker[s]" (Education Law § 7704), and the provision for all professions contained in Education Law article 130 apply to article 154—Social Work (Education Law § 7700). Under article 130, practicing one's profession fraudulently, incompetently or negligently constitutes profession misconduct (Education Law § 6509 [2]). Further, there is an issue of the failure of the Catholic Home Bureau and Gilson to abide by plaintiff's revocation of consent to the surrender of the child *(see,* Penal Law § 135.45 [1]).

Therefore, there appears to be a statutory framework within which to address the issue whether Gilson and her

employer departed from the standard of conduct of the profession *(see,* Prosser, Torts § 32, at 165 [4th ed 1971]). Accordingly, the cross motion of Catholic Home Bureau and Gilson to dismiss the complaint is denied as to the second cause of action in the original complaint.

In the first branch of her motion, plaintiff seeks leave to add four defendants. Such request is opposed by the Bureau and by Sister Gilson and supported by the Finnicans. The amendments rest upon the principles of respondeat superior and the failure to properly supervise the Catholic Home Bureau and Gilson.

■ As a general rule, consistent with CPLR 3025 (b), leave to amend pleadings is freely granted, but such a motion should generally be supported and opposed by an affidavit of a person with knowledge of the events, not by an attorney's affirmation. *(See, Beekman v Sylvan Lawrence, Inc.,* 111 AD2d 658; *Leonard Hosp. v Messier,* 32 AD2d 596.)* Because the motion has some slight factual support by way of the pleadings and records, and Gilson has some knowledge of the relationship of the parties, the court will examine the amendments requested.

■ The proposed new third cause of action seeks to set forth a claim against Sister McCormack for social work malpractice, although the Catholic Home Bureau is mentioned also in the heading of that cause of action. An imposition of personal liability upon Sister McCormack by reason of her position as Executive Director for Catholic Home Bureau does not appear to be warranted here for there is no indication that she was a licensed social worker. Therefore, this branch of the motion is denied.

The proposed amended complaint adds a new fourth cause of action for wrongful deprivation of custody against the Catholic Archdiocese of New York and Catholic Charities because of their purported relationship to the Catholic Home Bureau, as well as add them as defendants on the second cause of action for social work malpractice. Plaintiff submits a publication of the Catholic Charities, describing itself as a corporation which "coordinates and supervises all charitable activities of the Archdiocese of New York" and the Catholic Home Bureau as 1 of 16 "affiliated child welfare agencies".

■ Plaintiff's counsel claims that these proposed additional defendants supervised Catholic Home Bureau's activities and had direct responsibility for the daily activities of Catholic

Home Bureau and its employees. However, the affidavit of Sister McCormack, executive director of Catholic Home Bureau, emphatically denies that Catholic Charities exercises any supervisory authority over Catholic Home Bureau's activities. On the showing made here, that branch of plaintiff's motion seeking to add Catholic Charities and the Catholic Archdiocese of New York as defendants is denied without prejudice to renewal upon a further factual showing based upon personal knowledge.

That branch of plaintiff's motion seeking leave to add the Catholic Archdiocese of Rockville Centre as an additional defendant on the second cause of action and as a defendant on the fourth cause of action is denied. The affidavit of Sister McCormack affirms that Gilson was not employed by the Rockville Archdiocese, and states that the Rockville Archdiocese had no involvement in or responsibility for the events at issue. The fact that Gilson now resides in Hicksville, in an archdiocesan residence within the Archdiocese of Rockville Centre, provides no basis for imposing liability upon that archdiocese for Gilson's acts while employed by Catholic Home Bureau.

Finally, that branch of plaintiff's motion seeking to compel defendants to respond to plaintiff's demand for insurance agreements pursuant to CPLR 3101 (f) is granted in the absence of any opposition by defendants. Catholic Home Bureau and Gilson are directed to respond to plaintiff's demand within 20 days after service of a copy of this order with notice of entry (CPLR 3126).

In summary, the instant motions are disposed of as follows:

1. defendants' cross motion to dismiss the complaint is denied;

2. that branch of plaintiff's motion seeking leave to amend the complaint and add parties defendant is denied; and

3. that branch of plaintiff's motion seeking to compel defendants to respond to its CPLR 3101 (f) demand is granted as set forth above.