**TYLENA M. and Latisha M., by their mother DEBRA M., Plaintiffs,**

**v.**

**HEARTSHARE CHILDREN'S SERVICES, Eleanor Poole, Rosalyn Chernofsky, Vincent Adrien, Marilyn Desevo, Brooke Trent, City of New York, Defendants.**

**No. 02 Civ. 8401(VM).**

United States District Court, S.D. New York.

Oct. 26, 2004.

Carolyn A. Kubitschek, Lansner & Kubitschek, New York City, for plaintiff.

Suzanne M. Halbardier, Barry, McTiernan & Moore, New York City, John B. Higgins, L.L.P., New Rochelle, NY, for defendants.

***DECISION AND ORDER***

MARRERO, District Judge.

Plaintiffs Tylena M. and Latisha M., through their mother, Debra M., ("Plaintiffs") filed a complaint pursuant to 42 U.S.C. § 1983 against defendants Heartshare Children's Services ("Heartshare"), the City of New York ("the City"), and several of Heartshare's and the City's employees ("Defendants") alleging that, while they were in the care and custody of Defendants, the son-in-law of their foster mother physically and sexually abused them.

Plaintiffs claim six separate causes of action against Heartshare and/or its employees ("Agency Defendants"): that Agency Defendants deprived Plaintiffs of their personal liberty, privacy and security interests by (1) improperly investigating and authorizing Ora Heathington as a foster parent, placing Plaintiffs in the Heathington home, and improperly supervising Plaintiffs while they were in government supported foster care, in violation of the Fifth and Fourteenth Amendments to the United States Constitution; (2) improperly training Heartshare's foster care employees, in violation of the Fifth and Fourteenth Amendments; (3) acquiescing in the use of excessive force against Plaintiffs, in violation of the Fifth and Fourteenth Amendments; (4) that Agency Defendants violated their duty to exercise the highest degree of reasonable care during their supervision of Plaintiffs by failing to protect them from abuse; (5) that Heartshare breached its contract with the City, of which Plaintiffs were beneficiaries, by failing to protect Plaintiffs from abuse; and (6) that Heartshare employees Eleanor Poole ("Poole") and Rosalyn Chernofsky ("Chernofsky") violated their obligation to carry out social work duties in a competent, professional manner and that, as a result, Plaintiffs were subjected to re-

peated physical, sexual and/or emotional abuse.

Agency Defendants filed a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56(c). In order to prevail on a motion for summary judgment, the moving party must demonstrate that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether genuine issues of material fact exist, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

Having reviewed the parties' submissions, the Court finds that there are genuine issues of material fact with respect to Plaintiffs' first five causes of action insofar as they are pled against Heartshare, Poole and Chernofsky and with respect to the sixth cause of action insofar as it is pled against Chernofsky. Specifically, Plaintiffs have alleged specific facts disputing Agency Defendants' claims that Heartshare's approval of Plaintiffs' former foster mother, Ora Heathington, as a foster parent was properly conducted; that the foster home was properly supervised during the time when Plaintiffs resided there; that Agency Defendants were not placed on notice that Plaintiffs were being abused in Ms. Heathington's home prior to August 5, 1991; and that the abuse did not in fact take place. (*See, e.g.*, Plaintiffs' Amended Response to Agency Defendants' 56.1 Statement and Summary of Facts, dated August 17, 2004, at ¶¶ 1–7, 11–14, 17–22, 26, 34, 36–38, 48.)

Plaintiffs' various claims arise from the same core operative facts and have essential elements in common. In essence, they all implicate the reasonableness of Agency Defendants' conduct, as well as their relevant states of mind and what constitutes abuse and excessive force under the circumstances. These issues ordinarily are fact-intensive and fall within the province of a jury. The evidence Plaintiffs cite to raises issues of material fact and is sufficient to withstand summary judgment as to each of the causes of action. Therefore, the Court denies Agency Defendants' motion for summary judgment with respect to Plaintiffs' first five causes of action and with respect to the sixth cause of action as it relates to defendant Chernofsky.

The record does not, however, demonstrate that there is a genuine dispute regarding the factual basis of Plaintiffs' sixth cause of action as it relates to defendant Poole. Insofar as that cause of action intends to plead social work malpractice as a distinct claim, Agency Defendants are entitled to judgment as a matter of law on the grounds that they assert that Poole is not a certified social worker and the record does not contain any allegation or evidence presented by Plaintiffs indicating that Poole is so licensed. As Agency Defendants point out, only licensed social workers may be held liable for social work malpractice in New York State. *See Dunn v. Catholic Home Bureau for Dependent Children,* 142 Misc.2d 316, 537 N.Y.S.2d 742, 744 (1989); *see also* N.Y. Educ. Law § 6509. Therefore, summary judgment against Plaintiffs is granted with respect to the sixth cause of action as it relates to defendant Poole and insofar as it is intended to plead social work malpractice. Plaintiffs are not precluded, however, from amending their complaint with re-

spect to the sixth cause of action pursuant to Rule 15 of the Federal Rules of Civil Procedure.

The Court's findings, reasoning, and conclusions pertaining to this ruling will be further elaborated in its decision on the City's motion for summary judgment insofar as there may be any overlap on the grounds presented by the City in support of its motion. The Court's denial of Agency Defendants' motion is issued without prejudice to renewal of any portion of it in the event the disposition of the City's motion may indicate grounds for reconsideration of any aspect of this decision.

Accordingly, it is hereby

**ORDERED** that the motion of defendants Heartshare Children's Services ("Heartshare"), Eleanor Poole ("Poole") and Rosalyn Chernofsky ("Chernofsky") for summary judgment against plaintiffs Tylena M. and Latisha M., by their mother Debra M., ("Plaintiffs") is DENIED with respect to Plaintiffs' first five causes of action and with respect to Plaintiffs' sixth cause of action insofar as it relates to Chernofsky; and it is hereby

**ORDERED** that the motion for summary judgment is GRANTED with respect to Plaintiffs' sixth cause of action insofar as it is intended to plead social work malpractice and insofar as it is pled against defendant Poole. The Court grants Plaintiffs leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15 with respect to the sixth cause of action insofar as it relates to defendant Poole.

**SO ORDERED.**