■ LAWRENCE BEEBE et al., Appellants, v RAYMOND LA PIERRE et al., Respondents. (And Third- and Fourth-Party Actions.)—Mahoney, P. J. Appeal from a judgment of the Supreme Court in favor of defendants, entered January 4, 1985 in Clinton County, upon a decision of the court at Trial Term (Viscardi, J.), without a jury.

Plaintiffs commenced an action pursuant to RPAPL article 15 to establish absolute and unencumbered title in fee to certain property in the Town of Mooers, Clinton County. Plaintiffs contend they are the sole owners of a parcel of land described as "63 acres of land, more or less, in square form as nearly as may be, in the southeast corner of lot #38 in the Refugee Tract, located in the Town of Mooers, Clinton County, New York". Defendants claim title to a parcel of land, with a residential structure thereon, known as the "schoolhouse lot" which they contend is encompassed within the 63 acres described above.

A brief recitation of the devolution of the title of the property which is the subject of this action is necessary for resolution of the issue of ownership. By deed dated March 16, 1942, Alexander La Valley transferred to himself and his wife certain property, including the 63-acre parcel which is the subject of this action. In April 1946, the La Valleys deeded the 63 acres to George La Valley who, in turn, conveyed this parcel to Francis Beebe by deed dated August 17, 1951. On May 9, 1962, Francis Beebe entered into a land contract with plaintiffs which not only contained a description of the realty to be conveyed to plaintiffs, but a metes and bounds recitation of lands to be excluded from the conveyance. The lands excluded by the contract were south of Route 11 in the Town of Mooers and consisted of an area 217 feet on the west, 1,137 feet on the south, 485 feet on the east and 1,167 feet along Route 11 on the north. The parcel excluded from the 1962 land contract physically and geographically encompassed the schoolhouse lot. The contract was never recorded. On March 1, 1976, after plaintiffs had fully paid the contract price of $27,000, Francis Beebe conveyed the property to plaintiffs. The deed, however, failed to contain the exclusion of land that was expressly stated in the land sale contract.

Thus, despite the fact that the land sale contract expressly excluded the land on which the schoolhouse lot is located from the parcel being conveyed by Francis Beebe to plaintiffs,

plaintiffs sought to be declared the owners of the entire lot. Plaintiffs justify their action by relying on a survey of their property which indicated that the schoolhouse lot was geographically situated within the bounds of the property they had purchased. At trial, defendants argued that the failure to accurately recite the provisions of the 1962 land contract in the March 1, 1976 deed rendered the deed a mistake and warranted reformation thereof. Trial Term ordered reformation of the deed. This appeal by plaintiffs ensued.

The 1962 land sale contract expressed the agreement of the parties with particularity, including the lands to be excluded as well as the purchase price and the amount of monthly payments. At trial, plaintiff Evelyn Beebe testified that plaintiffs did not intend to purchase the schoolhouse lot at the time they executed the 1962 contract. Further, Evelyn Beebe stated that when she took the contract to the attorney who drafted the deed, it was her intention that the deed would recite the language of the contract. That plaintiffs and Francis Beebe did not intend to transfer ownership of the schoolhouse lot with the 1976 deed is indicated by the fact that no rental provision was made concerning the continued residence of Francis Beebe until his death in 1978. Plaintiffs' position is further weakened by the fact that they do not claim ownership of other portions of the property which were excluded in the 1962 contract but which were not excluded in the 1976 deed.

It is well settled that equity will reform instruments for the correction of errors where, by mistake, they do not conform to the intention of the parties. More particularly, mistaken inclusions or exclusions of certain land in a deed or contract of sale may be corrected so that the instrument will conform to the true agreement of the parties (see, 16 NY Jur 2d, Cancellation and Reformation of Instruments, § 42, at 345). Here, there can be no question that the 1976 deed did not truly reflect the intention of the parties as expressed in the 1962 contract. The Court of Appeals, in *Harris v Uhlendorf* (24 NY2d 463), reformed a deed under circumstances similar to those herein, holding that reformation is appropriate when "parties have a real and existing agreement on particular terms and subsequently find themselves signatories to a writing which does not accurately reflect that agreement, as opposed to a situation where there is a mistake as to the agreement itself on the part of one of the parties" *(id.,* p 467). Here, plaintiffs make no claim that a mistake was made by any party on the land sale contract.

Judgment affirmed, with costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.