■ NICOLA MORELLI, et al., Individually and as Sole Shareholders of 41-45 GRAMATAN AVENUE CORPORATION, INC. and of COLOSSEO DI ROMA OF MOUNT VERNON, INC., Also Known as COLOSSEO DI ROMA RESTAURANT, INC., Appellants, v FERNANDO GIGLIO, Respondent.—In an action to recover damages for breach of contract, the plaintiffs appeal from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Wood, J.), entered September 11, 1987, which granted the defendant's motion for summary judgment and dismissed the complaint, (2) so much of an order of the same court, dated December 10, 1987, as, upon reargument, adhered to the prior determination, and (3) an order of the same court, also dated December 10, 1987, which denied their motion for leave to serve an amended complaint.

Ordered that the appeal from the order and judgment entered September 11, 1987 is dismissed, as that order and judgment was superseded, as noted by the plaintiffs, by the order dated December 10, 1987, made upon reargument; and it is further,

Ordered that the order dated December 10, 1987, made upon reargument, is reversed insofar as appealed from, on the law, the order and judgment entered September 11, 1987 is vacated, the defendant's motion for summary judgment is denied, the complaint is reinstated, and, upon searching the record, summary judgment on the cause of action asserted in the original complaint is awarded in favor of the plaintiffs on the issue of liability; and it is further,

Ordered that the order dated December 10, 1987, which denied the plaintiffs' motion for leave to serve an amended complaint, is reversed, on the law, and the motion is granted; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The record reveals that the plaintiffs owned premises situated in Mount Vernon, New York, and also owned and operated a restaurant called Colosseo Di Roma within the building. In 1973 Marcant Restaurants, Inc. (hereinafter Marcant) allegedly purchased the restaurant business for $110,000.

Marcant financed $80,000 of the purchase price by executing promissory notes to be paid to the plaintiffs over a period of 20 years, and was provided with a 20-year lease of the premises from the plaintiffs. As security for payment of the notes, the plaintiffs accepted an assignment of Marcant's lease for the premises. The assignment provided that in the event of a default in the payment of the notes, the lease would be delivered to Colosseo Di Roma Restaurant, Inc., a corporation wholly owned by the individual plaintiffs.

Thereafter, in September 1977 the plaintiffs entered into a contract for the sale of the realty itself to the defendant. The rider to the contract provided, *inter alia,* that: "The seller represents that there is outstanding an assignment of lease and a chattel mortgage paid by Marcant Restaurants Inc. to [the plaintiffs]. That under the terms of the chattel mortgage and under the terms of the assignment of lease and in the event of a default in the making of a payment, the seller has the right to re-enter and to take over the lease of the lessee. In consideration of the personal guarantee of the seller, the purchaser agrees that he will interpose no legal or equitable objection to re-entry upon the premises by the seller in the event of a default by the Marcant Restaurants Inc. Copies of the assignment of lease and chattel mortgage are attached hereto. This clause shall survive the delivery of the deed".

In August 1981 Marcant declared bankruptcy, and the plaintiffs then commenced a proceeding to recover possession of the premises in the City Court of the City of Mount Vernon. The City Court awarded judgment in favor of the plaintiffs upon Marcant's default. In October 1981 the trustee in bankruptcy entered into a stipulation with the defendant whereby the trustee renounced any interest in the unexpired lease between Marcant and the defendant "and terminate[d] and abandon[ed] the same". The defendant subsequently intervened in the plaintiffs' City Court proceeding and obtained a vacatur of the default judgment in favor of the plaintiffs and a dismissal of the plaintiffs' petition by default. The defendant also leased the premises to a new tenant.

The plaintiffs thereafter commenced the instant action to recover damages for breach of contract, alleging that the defendant had wrongfully refused to comply with the assignment of lease provision in the contract of sale by failing to recognize the plaintiffs' right to reenter the premises upon Marcant's default and by rejecting their tender of rental payments. The Supreme Court, Westchester County, granted the defendant's motion for summary judgment and dismissed

the complaint, reasoning that the trustee's renunciation of Marcant's unexpired lease operated to terminate both the lease agreement and the parties' covenant in the contract of sale reserving a right of reentry to the plaintiffs. The court, relying upon the above analysis, also denied a subsequent motion by the plaintiffs for leave to amend the complaint to assert a claim for tortious interference with contractual relations. We now reverse.

It has been held that a bankruptcy trustee's renunciation of a leasehold interest does not terminate the lease itself *(see, Matter of Garfinkle,* 577 F2d 901). In any event, we are of the view that, regardless of the effect which a trustee's renunciation has upon a lease, the instant defendant was separately obligated by the terms of the parties' contract of sale to recognize the plaintiffs' right to reenter the premises as a tenant and to refrain from interposing any obstacle to such reentry upon a default by Marcant. In view of the fact that the defendant opposed such a tenancy by obtaining a vacatur of the City Court judgment in the plaintiffs' favor and by reletting the premises to another tenant, a breach of the parties' agreement has been amply demonstrated, and the plaintiffs are entitled to an award of summary judgment on the liability issue presented by their breach of contract claim.

Contrary to the defendant's present contention, the plaintiffs' present claim for damages for breach of contract was not, nor could it properly have been, raised in the prior proceedings before the Bankruptcy Court and the City Court of the City of Mount Vernon *(see generally, Boronow v Boronow,* 71 NY2d 284; *Matter of Reilly v Reid,* 45 NY2d 24). Hence, the instant action is not barred by the doctrine of res judicata. Moreover, inasmuch as the contractual issues presented herein were neither actually litigated nor determined in either of these previous proceedings, the defendant's invocation of the defense of collateral estoppel is unavailing *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 456-457).

In view of the foregoing, we conclude that the Supreme Court, Westchester County, erred in denying the plaintiffs' motion for leave to serve an amended complaint, as the allegations which the plaintiffs seek to add support a claim for tortious interference with contractual relations *(see,* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.