■ Louis T. Romeo, Respondent, v Tsunis Hotel Partners et al., Appellants, et al., Defendants. [630 NYS2d 366] —In an action to reform and foreclose a mortgage, the defendants Tsunis Hotel Partners, John Tsunis, Charles Tsunis, and James Tsunis appeal (1) from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 22, 1993, which, *inter alia,* granted the plaintiff's motion to strike their answer and for summary judgment insofar as the complaint is asserted against them and denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against

them, (2) from an order of the same court, dated September 23, 1993, which granted the plaintiff's motion, *inter alia,* to appoint a Referee to compute the amount due on the mortgage, and (3), as limited by their brief, from so much of an order of the same court also dated September 23, 1993, as, upon granting their motion to reargue the order dated June 22, 1993, adhered to the prior determination.

Ordered that the appeal from the order dated June 22, 1993, is dismissed, as that order was superseded by the order dated September 23, 1993, made upon reargument; and it is further,

Ordered that the order dated September 23, 1993, made upon reargument is modified, on the law, by deleting the provision thereof which granted the plaintiff's motion and substituting therefor a provision denying the plaintiff's motion in all respects; as so modified, the order dated September 23, 1993, is affirmed insofar as appealed from, and so much of the order dated June 22, 1993, as granted the plaintiff's motion is vacated; and it is further,

Ordered that the order dated September 23, 1993, which, *inter alia,* granted the plaintiff's motion to appoint a Referee is reversed and the plaintiff's motion is denied; and it is further,

Ordered that the appellants are awarded one bill of costs.

Although the court was correct in denying the appellants' cross motion for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against them, it improperly granted the plaintiff's motion for summary judgment insofar as the complaint is asserted against the appellants. With respect to the plaintiff's cause of action to reform the mortgage which he presently seeks to foreclose, the plaintiff failed to meet the heavy burden necessary to show that the property which he seeks to include in the mortgage was excluded therefrom by mutual mistake *(see, Chimart Assocs. v Paul,* 66 NY2d 570; *Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219). Nor was the plaintiff entitled to summary judgment on his cause of action to foreclose the mortgage. The appellants' papers submitted in opposition to the motion sufficiently raised triable issues of fact with respect to whether the appellants entered into the underlying contract secured by the subject mortgage on which they subsequently defaulted as a result of economic duress *(see, 805 Third Ave. Co. v M.W. Realty Assocs.,* 58 NY2d 447, 451; *Austin Instrument v Loral Corp.,* 29 NY2d 124, 130; *Sosnoff v Carter,* 165 AD2d 486, 491). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.