◼ DONNA DALY, Appellant, v EUGENE MESSINA et al., Respondents, et al., Defendants. [644 NYS2d 778]

Contrary to the plaintiff's contention, the December 4, 1981, deed was properly reformed to reflect that the defendants Eugene Messina and Patrick Franzese each received a 44.4%

interest and the plaintiff received an 11.2% interest in the property conveyed. The record demonstrates by "clear, positive and convincing evidence" *(Amend v Hurley,* 293 NY 587, 595; *see also, Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219-220) that this was the intent of the grantor and the grantees and that the mistake was " 'in the reduction of [the deed] to writing, [a] mistake of the scrivener' " *(Harris v Uhlendorf,* 24 NY2d 463, 467, quoting *Born v Schrenkeisen,* 110 NY 55, 59; *see also, Hart v Blabey,* 287 NY 257, 262).

The Referee did not exceed the scope of his reference. Where a Referee's reference is to hear and report on an issue, such reference "makes the referee a kind of assistant to the court; the referee conducts a hearing and reports his findings and conclusions back to the court" (Seigel, NY Prac § 379, at 571 [2d ed]; *see also,* CPLR 4212, 4320 [a]).

The plaintiff's remaining contentions are either without merit or are not properly before this Court because they were raised for the first time in her reply brief *(see, State Farm Fire & Cas. Co. v LiMauro,* 103 AD2d 514, 521-522, *affd* 65 NY2d 369). Miller, J. P., Copertino, Santucci and Altman, JJ., concur.