■ LOUIS T. ROMEO, Respondent, v TSUNIS HOTEL PARTNERS et al., Appellants, et al., Defendants. [659 NYS2d 1020] —In an action to foreclose a mortgage, the defendants Tsunis Hotel Partners, John Tsunis, Charles J. Tsunis, and James Tsunis appeal from an order of the Supreme Court, Suffolk County, (D'Emilio, J.), dated June 3, 1996, which granted the plaintiff's motion to vacate a judgment of the same court (Tanenbaum, J.), entered October 23, 1995, awarding them $115,515.43 as the costs of an appeal *(see, Romeo v Tsunis Hotel Partners,* 218 AD2d 646).

Ordered that the appeal is dismissed as academic, with costs to the plaintiff; and it is further,

Ordered that the respective counsel for the parties are directed to show cause why an order should not be made and entered imposing such sanctions or costs, if any, on the appel-

lants' counsel pursuant to 22 NYCRR 130.1-1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before July 25, 1997.

The appeal is from an order which vacated a judgment entered on October 23, 1995, in the amount of $115,515.43, in favor of the appellants. On or about February 28, 1997, the plaintiff and the appellants entered into a stipulation of settlement which, *inter alia,* required the appellants to "execute and deliver effective upon signing, a satisfaction of" the judgment entered October 23, 1995, and to "notify the Appellate Division Second Department that their appeal should be marked withdrawn and the case marked settled". On the same day, the appellants executed a satisfaction of judgment and general release.

Neither the appellants nor their counsel, however, notified this Court that the action had been settled. Rather, it was not until this Court informed the plaintiff's counsel that oral argument would not be heard on the appeal that the plaintiff's counsel informed this Court that the case had been settled and that the appeal should be withdrawn. The appellants' counsel responded by stating that, as appellants' attorney, it was his "choice whether or not to discontinue the appeal and we have not chosen to do so".

The parties' settlement of the case renders the instant appeal academic. Moreover, in light of the failure of the appellants' counsel to withdraw the instant appeal as required by the stipulation of settlement, the parties are directed to submit affirmations to this Court on the issue of the imposition of sanctions against the appellants' counsel *(see,* 22 NYCRR 130-1.1 [c]). Miller, J. P., Ritter, Thompson and Joy, JJ., concur.