■ FAITH UNITED CHRISTIAN CHURCH, INC., et al., Appellants, v UNITED CHRISTIAN CHURCH, INC., Respondent. [698 NYS2d 874] —In an action, *inter alia,* for a judgment declaring the rights of the parties with respect to certain real property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Taylor, J.), dated May 21, 1998, as awarded the defendant possession of the subject premises.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 1967 the defendant, United Christian Church, Inc. (hereinafter United), purchased a church in Ridgewood, Queens, which was thereafter utilized by a congregation of United's members known as the Faith United Christian Church, Inc. (hereinafter Faith). In 1997, United served a notice to quit upon Faith. Upon Faith's failure to vacate the premises, United commenced a summary proceeding in Civil Court, Queens County. Before any determination in that proceeding, Faith and its pastor commenced this action against United in the Supreme Court, Queens County, contending, *inter alia,* that Faith had acquired certain rights in the property as a licensee. In its action, Faith moved for a *Yellowstone* injunction (*see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630) and to consolidate the Civil Court proceeding with the Supreme Court action. The Supreme Court, *inter alia,* determined that United was entitled to possession.

We agree with the Supreme Court that Faith occupied the

premises pursuant to a license granted by United, which was revocable at will (*see, Maffetone v Micari,* 205 Misc 459; *Cannon v Towner,* 188 Misc 955). Although a license may become irrevocable where the licensee has altered its position in reliance upon the license (*see, Prosser v Gouveia,* 98 AD2d 992), there is no evidence in this case that Faith changed its position with respect to the premises, or expended any moneys in excess of ordinary maintenance and repairs, which it was required to pay in lieu of rent.

Contrary to Faith's claim, United's decision to sell the premises was not a breach of any duty owed to the Faith congregation. The governing body of a religious corporation has the authority to discontinue work at a church, even in disregard of the wishes of the congregation (*see, Burke v Rector of Trinity Church,* 63 Misc 43, *affd* 132 App Div 930).

Faith's remaining contentions are without merit. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.