■ FRANK LACOPARRA et al., Appellants, v CONCETTA BELLINO et al., Respondents. [745 NYS2d 693] —Motion by the appellants for leave to reargue an appeal from an order of the Supreme Court, Rockland County, dated July 9, 2001, which was determined by decision and order of this Court, dated December 10, 2001, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted, and upon reargument, it is,

Ordered that the decision and order dated December 10, 2001 (289 AD2d 300), in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action for reformation of a deed, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 9, 2001, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

To reform a written instrument based upon mutual mistake or fraud, the proponent of reformation must show, by clear and convincing evidence, "not only that mistake or fraud exists, but exactly what was really agreed upon between the parties" (*Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219; *see Chimart Assoc. v Paul,* 66 NY2d 570, 574). In support of their motion for summary judgment, the defendants sustained their initial burden of demonstrating that the disputed parcel was not omitted from the subject deed due to a mutual mistake or fraud. In opposition to the motion, the plaintiffs failed to come forward with clear and convincing evidence sufficient to raise a triable issue of fact as to whether the parties actually reached an agreement to include the disputed parcel in the deed, or whether, as a result of fraud, the deed did not express the true intentions of the parties. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment (*see Chimart Assoc. v Paul, supra; Backer Mgt. Corp. v Acme Quilting Co., supra; K.I.D.E. Assoc. v Garage Estates Co.,* 280 AD2d 251; *Schultz v Hourihan,* 238 AD2d 818; *Romeo v Tsunis Hotel Partners,* 218 AD2d 646).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., S. Miller, Krausman and Goldstein, JJ., concur.