CLIFFORD MILLER, JR., Appellant, v R. STEPHEN SEIBT et al., Respondents. [788 NYS2d 126]—

In an action, inter alia, to recover damages for trespass, to direct the defendants to cease and desist from using an easement for any purpose other than ingress and egress, and to recover possession of a barn adjacent to the subject property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Klein, J.), dated December 1, 2003, which, among other things, denied his motion to permanently enjoin the defendants, inter alia, from parking in the easement area and granted the cross motion of the defendant R. Stephen Seibt to vacate a temporary restraining order granted by the same court (Whelan,

J.), on February 11, 2003, temporarily enjoining the defendants from parking in the easement area and determined that the defendants had a right to the easement, including parking in the disputed area, and that the 99-year agreement to use and occupy the barn adjacent to the subject property was valid, and reformed the subject deeds accordingly.

Ordered that the order is affirmed, with costs.

To reform a written instrument based upon mutual mistake, the proponent of reformation must show, by clear and convincing evidence, not merely that a mistake exists, but exactly what the parties agreed upon (*see Chimart Assoc. v Paul,* 66 NY2d 570, 574 [1986]; *Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219 [1978]; *Harris v Uhlendorf,* 24 NY2d 463, 467 [1969]; *Lacoparra v Bellino,* 296 AD2d 480 [2002]).

Contrary to the plaintiff's contention, the Supreme Court properly reformed the August 19, 1983, and August 14, 1992, deeds to reflect that the defendant R. Stephen Seibt's non-exclusive easement for ingress and egress included the right to park in the easement area. The record demonstrated by clear and convincing evidence that such was the intent of Seibt and the grantors of the easement and that the omission of that right in the subject deeds was due to a "mistake of the scrivener" (*see Harris v Uhlendorf, supra* at 467; *Daly v Messina,* 228 AD2d 542 [1996]; *Carla Realty Co. v County of Rockland,* 222 AD2d 480 [1995]). In addition, Seibt's use of the easement for that purpose for more than the 10-year prescriptive period also created a prescriptive easement (*see Coverdale v Zucker,* 261 AD2d 429, 430 [1999]).

Moreover, the Supreme Court correctly determined that Seibt's 99-year agreement to use and occupy the barn adjacent to the subject property was valid since it constituted an irrevocable license based upon his expenditure of substantial funds to renovate the structure, and the fact that he changed his position in reliance on the agreement (*see generally Saratoga State Waters Corp. v Pratt,* 227 NY 429 [1920]; *Faith United Christian Church v United Christian Church,* 266 AD2d 428 [1999]; *Sarfaty v Evangelist,* 142 AD2d 995 [1988]; *Prosser v Gouveia,* 98 AD2d 992 [1983]; *Ski-View, Inc. v State of New York,* 129 Misc 2d 106 [1985]; *North Shore Mart v Grand Union Co.,* 58 Misc 2d 640 [1968]).

Therefore, the Supreme Court properly denied the plaintiff's motion and granted Seibt's cross motion.

The plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.