■ TRIPLE M. ROOFING CORP., Appellant-Respondent, v FARMINGDALE UNION FREE SCHOOL DISTRICT, Respondent-Appellant. (Action No. 1.) TRIPLE M. ROOFING CORP. et al, Plaintiffs, v TRANSCONTINENTAL INSURANCE COMPANY et al., Defendants. (Action No. 2.) FARMINGDALE UNION FREE SCHOOL DISTRICT, Appellant, v ALLIED TRENT RUBBER CORP. et al., Defendants, and WASHINGTON INTERNATIONAL INSURANCE COMPANY, Respondent. (Action No. 3.) [809 NYS2d 159]—

In related actions, inter alia, to recover damages for breach of contract, Triple M. Roofing Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated May 11, 2004, as, in effect, denied those branches of its cross motion which were, in effect, for summary judgment dismissing the seventh, eighth, and ninth counterclaims in action No. 1, and granted the cross motion of Farmingdale Union Free School District for leave to amend those counterclaims, and Farmingdale Union Free School District cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of Triple M. Roofing Corp. which was for leave to serve a late notice of claim upon it in action No. 1, denied those branches of its cross

motion which were for summary judgment dismissing the complaint in action No. 1 or, in the alternative, to stay all proceedings in that action pending the determination of action No. 2, denied that branch of its motion which was for leave to add Washington International Insurance Company as a defendant in action No. 3, and granted that branch of the cross motion of Triple M. Roofing Corp. which was to sever its seventh, eighth, and ninth counterclaims in action No. 1.

Ordered that the order is modified, on the law, by (1) adding a provision thereto that, upon searching the record, summary judgment is awarded to Triple M. Roofing Corp. on the issue of liability on its first and seventh causes of action in action No. 1, (2) deleting the provision thereof, in effect, denying those branches of Triple M. Roofing Corp.'s cross motion which were, in effect, for summary judgment dismissing the seventh, eighth, and ninth counterclaims in action No. 1, and substituting therefor a provision granting those branches of the cross motion, (3) deleting the provision thereof granting that branch of Triple M. Roofing Corp.'s cross motion which was to sever the seventh, eighth and ninth counterclaims in action No. 1, and substituting therefor a provision denying that branch of the cross motion as academic, and (4) deleting the provision thereof granting that branch of the cross motion of Farmingdale Union Free School District which was for leave to amend the seventh, eighth, and ninth counterclaims in action No. 1, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to Triple M. Roofing Corp. payable by Farmingdale Union Free School District.

Pursuant to three separate written contracts, Triple M. Roofing Corp. (hereinafter Triple M.) performed roofing work on certain schools within the Farmingdale Union Free School District (hereinafter the School District), including the Saltzman East Memorial School (hereinafter the Saltzman school). In 2002, when the work was complete, and certified as such by the School District's architect, Triple M. submitted three separate "Final Application[s] for Payment" to the School District, to obtain the balances that were owed under the contracts. However, the School District, which maintained that it had a right under the contracts to reduce what Triple M. was owed by the amount that the School District purportedly paid to fix Triple M.'s allegedly defective work on the Saltzman School, as well as on the Albany Avenue Elementary School (hereinafter the Albany Avenue school), which Triple M. had finished working on in 1994, and been paid for, refused to pay Triple M.

anything. Thus, Triple M. commenced action No. 1 against the School District, seeking to recover damages, inter alia, for breach of the three contracts.

The court correctly denied that branch of the School District's cross motion which was for summary judgment dismissing the complaint in action No. 1, as the School District failed to meet its burden of establishing its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Each of the three contracts at issue clearly provides, in effect, that the School District has the right to reduce "the Contract Sum" by the costs and expenses that the School District incurs in correcting Triple M.'s defective work on the school that is the subject of the contract. However, the School District provided conclusory affirmations from counsel in an attempt to demonstrate that Triple M.'s work on the Saltzman school was defective, and that it incurred costs and expenses in correcting that work (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Thus, the School District failed to establish that it had a right to reduce what Triple M. was owed under the contract pertaining to that school.

We note that the School District does not allege that Triple M.'s work on the schools that were the subject of the two other contracts was defective. Accordingly, it is clear that the School District, which was required to pay Triple M. what it was owed within 30 days after it received the final applications for payment, is in breach of those two contracts. Although Triple M. did not move for summary judgment, under these circumstances, we exercise our authority to search the record and award Triple M. summary judgment on the issue of liability on its first and seventh causes of action in action No. 1 to recover damages for breach of these contracts (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106 [1984]; *Morelli v Giglio*, 143 AD2d 986 [1988]).

The Supreme Court should have awarded Triple M. summary judgment dismissing certain counterclaims in action No. 1 that the School District set forth, which were to recover damages for the allegedly defective work performed on the Albany School. On that branch of its cross motion which was for this relief, Triple M. met its burden of demonstrating its entitlement to judgment as a matter of law by establishing that the counterclaims which were to recover damages for breach of contract and negligence were interposed more than six years after 1994 when the construction was complete, and thus are time-barred (*see City School Dist. of City of Newburgh v Stubbins & Assoc.*,

85 NY2d 535 [1995]; *Cabrini Med. Ctr. v Desina,* 64 NY2d 1059 [1985]; *East Midtown Plaza Hous. Co. v City of New York,* 218 AD2d 628 [1995]). With respect to the counterclaim which was to recover damages for breach of warranty, Triple M. established that it had not breached any warranty (*cf. Bulova Watch Co. v Celotex Corp.,* 46 NY2d 606, 608 [1979]). Since the School District failed to raise a triable issue of fact in response, the court should have dismissed these counterclaims (*see Zuckerman v City of New York, supra* at 562).

The parties' remaining contentions are either without merit or need not be reached in light of our determination. Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.