■ JOHN JOHN, LLC, Appellant, v EXIT 63 DEVELOPMENT, LLC, et al., Defendants, and TRITEC REAL ESTATE COMPANY, INC., Respondent. [826 NYS2d 657]—

In an action, inter alia, for reformation of a contract, for a

judgment declaring that certain property is subject to an equitable restriction, and to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Henry, J.), entered December 5, 2005, which, upon an order of the same court dated August 8, 2005 granting the motion of the defendant Tritec Real Estate Company, Inc., for summary judgment determining that the defendants are not alter egos of each other, and dismissing the second amended complaint insofar as asserted against it, dismissed the second amended complaint insofar as asserted against the defendant Tritec Real Estate Company, Inc. The notice of appeal from the order is deemed to also be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Tritec Real Estate Company, Inc.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The corporate veil will be pierced to achieve equity, even absent fraud, "[w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (*Austin Powder Co. v McCullough*, 216 AD2d 825, 827 [1995]). "Generally considered are such factors as whether there is an overlap in ownership, officers, directors and personnel, inadequate capitalization, a commingling of assets, or an absence of separate paraphernalia that are part of the corporate form . . . such that one of the corporations is a mere instrumentality, agent and alter ego of the other" (*Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 893-894 [2003]).

The defendant Tritec Real Estate Company, Inc. (hereinafter Tritec), demonstrated prima facie entitlement to summary judgment by submitting the affidavit of James L. Coughlan, a member of all three defendant corporations, who stated that each corporation had different ownership and engaged in a different field of business, although the three defendants did share office space (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition, the plaintiff failed to submit any evidence tending to demonstrate "an overlap in ownership, officers, directors and personnel, inadequate capitalization, a commingling of assets, or an absence of separate paraphernalia that are part of the corporate form" (*Island Seafood Co., supra* at 893-894), and thus failed to raise a triable issue of fact (*see Zuckerman, supra*).

Therefore, the Supreme Court properly granted Tritec's motion for summary judgment dismissing the second amended complaint insofar as asserted against it.

The plaintiff's remaining contentions either are without merit or unpreserved for appellate review. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.