■ M.S.B. DEVELOPMENT COMPANY, INC., Respondent, v FRANCES LOPES et al., Defendants, and ROBERT BRIGANDI et al., Appellants. [832 NYS2d 95]—

In an action for reformation of two deeds, the defendants Robert Brigandi and Joanne Brigandi appeal, as limited by their brief, from (1) so much of an order and judgment (one paper) of the Supreme Court, Richmond County (Minardo, J.), dated June 3, 2005, as granted that branch of the plaintiff's motion which was for summary judgment against them, determined that the subject deeds contained errors, and reformed the subject deeds, and (2) so much of an order of the same court dated February 16, 2006, as denied their motion to resettle the order and judgment except to the extent of directing the grant of an easement to them.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment against the appellants is denied, upon searching the record, summary judgment is awarded to the appellants dismissing the complaint insofar as asserted against them, so much of the order as denied the appellants' motion to resettle the order and judgment except to the extent of directing the grant of an easement to the appellants is vacated, and the appellants' motion to resettle the order and judgment is denied as academic; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of the determination on the appeal from the order and judgment; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff subdivided and improved vacant land and sold adjacent developed properties to the defendants Frances Lopes and Ronald Lopes (hereinafter collectively the Lopes defendants) and to the appellants. The front steps to the Lopes defendants' house, as constructed, straddled the property line, and the New York City Department of Buildings denied a final certificate of occupancy to the Lopes defendants because of the encroachment onto the appellants' lot. The plaintiff commenced this action to reform both deeds so as to place the Lopes defendants' steps entirely on the Lopes defendants' lot. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment against the appellants, adjudged that the subject deeds contained errors, and reformed the deeds in a

manner that eliminated the encroachment by effectively shifting a portion of the common property line by several feet.

The purpose of reformation is to restate the intended terms of an agreement when the writing that memorializes the agreement is at variance with the intent of both parties (*see John John, LLC v Exit 63 Dev., LLC*, 35 AD3d 540 [2006]; *Beebe v La Pierre*, 114 AD2d 668, 669 [1985]). Accordingly, mistaken inclusions or exclusions of certain land in a deed or contract of sale may be corrected so that the instrument will conform to the true agreement of the parties (*see Beebe v La Pierre, supra* at 669).

Where, as here, the plaintiff seeks reformation based upon the ground of mistake, he or she must establish that the contract was executed under mutual mistake or a unilateral mistake induced by the defendant's fraudulent misrepresentation (*see John John, LLC v Exit 63 Dev., LLC, supra; Kadish Pharm. v Blue Cross & Blue Shield of Greater N.Y.*, 114 AD2d 439 [1985]). A party seeking reformation must show clearly that there has been a mistake (*see Janowitz Bros. Venture v 25-30 120th St. Queens Corp.*, 75 AD2d 203, 215 [1980]). Additionally, the proponent of reformation must demonstrate, by clear and convincing evidence, not only that a mutual mistake or a unilateral mistake induced by fraud exists, but exactly what the parties agreed upon (*see Chimart Assoc. v Paul*, 66 NY2d 570, 574 [1986]; *Miller v Seibt*, 13 AD3d 496, 497 [2004]; *Lacoparra v Bellino*, 296 AD2d 480, 481 [2002]).

Here, the plaintiff did not make such a showing. In support of its motion, the plaintiff submitted a site plan allegedly incorporated into the contract for sale of the appellants' property and argued that the plan set forth the boundaries of the appellants' lot which were intended by the parties to that contract. Even assuming that the site plan reflected property boundaries which varied from those established by the bargain and sale deed for the appellants' property, the contract for sale also provided that the appellants would be required to accept the premises subject to an encroachment of, among other things, steps. Therefore, the plaintiff failed to establish that the appellants' deed did not reflect the true agreement of the parties and the exact property boundaries agreed upon and, consequently, did not demonstrate its prima facie entitlement to reformation (*see Chimart Assoc. v Paul, supra* at 574; *Beebe v La Pierre, supra* at 669). Accordingly, summary judgment was improperly granted to the plaintiff (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Although the appellants did not move for summary judgment

dismissing the complaint insofar as asserted against them, under the circumstances, we exercise our authority to search the record and award the appellants summary judgment (see CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]; *Triple M. Roofing Corp. v Farmingdale Union Free School Dist.*, 26 AD3d 323, 325 [2006]). Here, the appellants clearly and convincingly established that no mutual mistake occurred, and there is no claim of fraud (see *Chimart Assoc. v Paul, supra* at 574; *Beebe v La Pierre, supra* at 669). The plaintiff's submissions failed to raise a triable issue of fact regarding the intent of the parties (see *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

In light of the foregoing, the appellants' remaining contentions have been rendered academic. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.