■ HARALAMBOS KALIONTZAKIS, Appellant, v GEORGE PAPADAKOS, Respondent. [892 NYS2d 542]—

The plaintiff and the defendant were longstanding business associates who together operated a restaurant. In February 1986 the defendant became the title owner of certain real property in Astoria (hereinafter the subject property) pursuant to a deed. The previous owner was the plaintiff's then father-in-law. In 2005 the plaintiff commenced this action to reform the deed, alleging, inter alia, that, at the time that the defendant purchased the subject property in 1986, the plaintiff had furnished one half of the purchase price and, as an accommodation to the plaintiff, title to the subject property was placed in the defendant's name alone. According to the plaintiff, the defendant acknowledged in writing that the plaintiff was a 50% owner of the subject property as a tenant-in-common with the defendant, but that the defendant refused to convey the subject property to the plaintiff upon his demand.

A nonjury trial was conducted before a court attorney referee (hereinafter the referee), who heard the testimony of the parties, as well as that of three nonparty witnesses. After the trial concluded, the referee granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law. The Supreme Court entered an order and judgment dismissing the complaint and vacating a notice of pendency filed in connection with the subject property. The plaintiff appeals from the order and judgment, and we affirm.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, allowing this Court to render the judgment it finds is warranted by the facts (see *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492 [1983]; *Zegarowicz v Ripatti,* 67 AD3d 672 [2009]; *Stevens v State of New York,* 47 AD3d 624, 624-625 [2008]). Here, the determination of the Supreme Court was warranted by the facts.

"The purpose of reformation is to restate the intended terms of an agreement when the writing that memorializes the agreement is at variance with the intent of both parties" (*M.S.B. Dev. Co., Inc. v Lopes,* 38 AD3d 723, 725 [2007]). The burden is on the proponent of reformation to establish cause for such relief by clear and convincing evidence (see *Shults v Geary,* 241 AD2d 850, 852 [1997]). Thus, in order to establish cause for reformation of the 1986 deed, the plaintiff here was required to show that the deed, naming the defendant as the title owner, did not reflect the true intent of the parties at that time (see *M.S.B. Dev. Co., Inc. v Lopes,* 38 AD3d at 725).

The Supreme Court properly dismissed the complaint since

the plaintiff failed to make the requisite showing for reformation of the 1986 deed. The plaintiff admitted at trial that, in 1986, due to problems he was having with his wife, he wanted the defendant to be the title owner of the subject property. It is undisputed that the deed named the defendant as the sole owner, thus accomplishing the parties' intent at that time.

At trial, the plaintiff offered into evidence a photocopy of a document dated May 3, 2000, denominated "Memorandum" (hereinafter the 2000 memorandum), which purportedly was signed by both parties, and which recited that the defendant acknowledged that the plaintiff was a 50% owner of the subject property. The trial court, in sustaining the defendant's objection, determined that the submission of the photocopy, rather than the original document, violated the best evidence rule, thus rendering it inadmissible. Although the photocopy should have been admitted into evidence pursuant to CPLR 4539 (a), since the testimony of the attorney who prepared the 2000 memorandum satisfactorily identified the photocopy, its admission would not have warranted a different outcome. While the 2000 memorandum may have shown that the parties agreed in 2000 that the plaintiff was a 50% owner of the subject property, it did not establish that such an agreement or understanding existed in 1986. Since the plaintiff failed to demonstrate by clear and convincing evidence that the 1986 deed was at variance with the parties' intent when the deed was executed in 1986, the complaint was properly dismissed (see M.S.B. Dev. Co., Inc. v Lopes, 38 AD3d at 725).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Rivera, J.P., Dillon, Belen and Roman, JJ., concur.