■ 247 East 32nd LLC et al., Respondents, v Katherine Gasparich, Appellant. [945 NYS2d 300]—

Order and judgment (one paper), Supreme Court, New York County (Judith J. Gische, J.), entered on or about October 13, 2011, which, among other things, granted plaintiffs' motion for summary judgment on their ejectment cause of action and to dismiss defendant's affirmative defenses, and bringing up for review an order, same court and Justice, entered September 16, 2011, which, among other things, denied defendant's cross motion for leave, nunc pro tunc, to amend her answer, unanimously affirmed, without costs. The stay of enforcement of the order and judgment is extended for 60 days from service of a copy of this order, with notice of entry.

Plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on their ejectment cause of action with evidence that they owned the subject apartment and that defendant was occupying it without their consent. In opposition, defendant failed to raise a triable issue of fact. The alleged oral agreement between defendant and her children's grandfather, plaintiffs' principal, permitting her to occupy the subject apartment rent-free until her children reached the age of majority, cannot be enforced under the statute of frauds (see General Obligations Law § 5-703 [2]). In any event, her claimed rights as a licensee had been revoked by plaintiffs when they commenced actions to remove her from the apartment. Moreover, plaintiff did not show that she had altered her position in reliance upon the purported license, despite her claim that she provided consideration for the agreement by moving to New York from California as requested by her children's grandfather (see e.g. Faith United Christian Church v United Christian Church, 266 AD2d 428, 429 [1999]).

Leave to file a late amended answer was properly denied, as defendant failed to submit an affidavit in support of her motion and her proposed affirmative defense of irrevocable license lacked merit (see Nab-Tern Constructors v City of New York, 123 AD2d 571, 572-573 [1986]).

We have considered defendant's remaining arguments, including that her children and former boyfriend are necessary parties to this action, and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Moskowitz and Acosta, JJ.

Motion to dismiss appeal as untimely denied.