In two related actions, inter alia, for a judgment declaring that the plaintiff 11 King Center Corp. is the owner of certain real property and that it is entitled to redeem the property, and to reform a deed to reflect its ownership of the property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Bartlett, J.), dated March 16, 2012, which granted the defendants’ motion pursuant to CPLR 3211 (a) to dismiss the complaints in both actions.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the defendants’ motion which were to dismiss the first and third causes of action in action No. 1, the first and third causes of action in action No. 2, and so much of the second cause of action in action No. 1, and the second cause of action in action No. 2, as sought *786 declaratory relief, and substituting therefor a provision denying those branches of the motion, and (2) by adding provisions thereto deeming those branches of the motion to be for a judgment declaring that the plaintiff 11 King Center Corp. is not the owner of the subject real property, and thereupon granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the plaintiff 11 King Center Corp. is not the owner of the subject real property.
The plaintiff 11 King Center Corp. commenced action No. 1 against the City of Middletown and certain “John Doe” defendants (hereinafter collectively the city defendants). The plaintiff 11 King Center Corp., along with its purported mortgagee, David Pfeifer, commenced action No. 2 against the city defendants. The complaints in both actions sought, among other things, a judgment declaring that 11 King Center Corp. is the owner of real property located at 11-15 King Street in Middletown, despite the fact that another entity, King Center Corp., is identified on the deed as the owner. The plaintiffs alleged that 11 King Center Corp. is not listed as the owner of record of the property because of a mere scrivener’s error, and that the deed should be reformed accordingly, that 11 King Center Corp. should be permitted to redeem the property out of foreclosure, and that the conveyance of the property to the City pursuant to a tax sale resulting from the failure of the owner of record to pay certain taxes and assessments was void or fraudulent under Debtor and Creditor Law § 276. The City defendants moved pursuant to CPLR 3211 (a) to dismiss the complaints, and the Supreme Court granted the motion.
“A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiffs factual allegations, thereby conclusively establishing a defense as a matter of law” (Mendelovitz v Cohen, 37 AD3d 670, 670 [2007]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Here, the city defendants’ documentary evidence conclusively established, as a matter of law, that the plaintiff corporation was not the owner of record of the subject property.
The city defendants also conclusively established a defense to the cause of action seeking to reform the deed based upon an alleged scrivener’s error. To reform a written instrument based upon mutual mistake or fraud, the proponent of reformation must show, by clear and convincing evidence, “not only that *787 mistake or fraud exists, but exactly what was really agreed upon between the parties” (George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219 [1978]; see Chimart Assoc. v Paul, 66 NY2d 570, 574 [1986]; M.S.B. Dev. Co., Inc. v Lopes, 38 AD3d 723, 725 [2007]; Lacoparra v Bellino, 296 AD2d 480, 481 [2002]). The documentary evidence submitted by the city defendants established that the plaintiff corporation did not exist at the time the deed allegedly intended to convey title to it was executed. Therefore, there was no basis to reform the deed to reflect that 11 King Center Corp. was the owner of the subject property, or for related declaratory or injunctive relief.
Accordingly, 11 King Center Corp. is not entitled to a declaration that it is the owner of the subject property or that it was entitled to redeem the property, or a judgment reforming the deed. Likewise, 11 King Center Corp. is not entitled to injunctive relief enjoining the city defendants from selling, transferring, or otherwise hypothecating the subject property.
Nevertheless, the Supreme Court improperly granted those branches of the city defendants’ motion which were to dismiss the causes of action for declaratory relief merely because 11 King Center Corp. is not entitled to the declaration it sought (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Since the record before the Supreme Court was sufficient to resolve all issues of fact such that the rights of the parties can be determined as a matter of law, the Supreme Court should have denied those branches of the motion which were to dismiss the causes of action which were for declaratory relief, and instead entered a judgment declaring that 11 King Center Corp. is not the owner of the subject property (see Minovici v Belkin BV, 109 AD3d 520, 524 [2013]; Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d 495, 498 [2013]).
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that 11 King Center Corp. is not the owner of the subject property (see Lanza v Wagner, 11 NY2d at 334).
Skelos, J.E, Dickerson, Leventhal and Miller, JJ., concur.