Stein, J.E
Appeal from an order of the Supreme Court *1292 (Breslin, J.), entered April 4, 2013 in Sullivan County, upon a decision of the court partially in favor of defendants.
In 2004, Stuart Salenger entered into a contract with Benjamin Wechsler (hereinafter decedent) to purchase 7.21 acres of unimproved real property. Salenger subsequently assigned the contract to plaintiff, of which he was the sole member and principal. A closing was thereafter held, at which time decedent delivered a deed to plaintiff that was later recorded. After discovering that the deed contained a restrictive covenant that had not been referenced in the contract of sale,[1] Salenger requested that decedent correct the deed. Decedent refused and plaintiff commenced this action seeking, among other things, reformation of the deed. Prior to trial, decedent died and defendants—the executors of decedent’s estate—were substituted for him in the action. Following a nonjury trial, Supreme Court determined, among other things, that plaintiff had not established grounds for reformation. This appeal by plaintiff ensued.[2]
We affirm. “A party seeking reformation must establish, by clear and convincing evidence, that the writing in question was executed under mutual mistake or unilateral mistake coupled with fraud” (Vollbrecht v Jacobson, 40 AD3d 1243, 1245 [2007] [internal quotation marks and citations omitted]; accord Herron v Essex Ins. Co., 34 AD3d 913, 914 [2006], lv dismissed 8 NY3d 856 [2007]; see Fabi v Hayes, 97 AD3d 1049, 1050 [2012], lv denied 20 NY3d 855 [2013]). The burden is on the proponent of reformation to establish, by clear and convincing evidence, that the relief is warranted (see Fabi v Hayes, 97 AD3d at 1050; Carpenter v Morrette, 36 AD3d 1115, 1116 [2007]; see also Kaliontzakis v Papadakos, 69 AD3d 803, 804 [2010]; M.S.B. Dev. Co., Inc. v Lopes, 38 AD3d 723, 725 [2007]).
Here, it is undisputed that the deed’s restrictive covenant was not set forth in the contract of sale and Salenger testified that he first became aware of it when he received the deed after the closing. Thus, plaintiff established the existence of a unilateral mistake regarding whether the restrictive covenant was *1293 intended to be included as a condition of the sale.[3] Nonetheless, plaintiff’s proof fell short of establishing fraud on decedent’s part, which requires “ ‘a misrepresentation that is false and that the defendant knows is false, made to induce the other party to rely on it, justifiable reliance on the misrepresentation by the other party, and injury’ ” (Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1041 [2014], quoting DerOhannesian v City of Albany, 110 AD3d 1288, 1292 [2013], lv denied 22 NY3d 862 [2014]). Decedent’s attorney testified that he believed the parties had intended to include the restrictive covenant in the deed and that he added it to the proposed deed after he realized that it had been omitted therefrom. Prior to the closing, decedent’s attorney had his legal assistant send the deed containing the restrictive covenant to the title insurance company by facsimile and contact plaintiffs attorney regarding the deed.[4] Although some negative inferences could be drawn from the fact that decedent and his representatives failed to ensure that plaintiffs attorney was actually informed of the addition to the deed before the closing, other credible evidence suggested that decedent’s counsel made efforts to so inform plaintiff. The attorney who appeared for decedent at the closing[5] further provided the deed to plaintiffs attorney at the closing. Notably, the restrictive covenant language is clearly evident on the face of the executed deed and would easily have been discovered with even a cursory examination. Decedent’s attorney testified that he had no intention of deceiving plaintiff. Under these circumstances, plaintiff failed to establish that decedent intended to induce its reliance on any misrepresentation.
Plaintiff also failed to meet its burden of demonstrating reasonable reliance on any misrepresentation made by decedent, inasmuch as decedent’s attorney had not previously forwarded a proposed deed to plaintiff’s attorney for his review and plaintiffs attorney conceded that he failed to examine the deed at the closing. Accordingly, after exercising our broad authority to independently review the evidence presented and giving due deference to Supreme Court’s credibility assessments (see Paterno v Strimling, 107 AD3d 1233, 1235 [2013]; Fabi v Hayes, *1294 97 AD3d at 1049-1050; Haber v Gutmann, 64 AD3d 1106, 1107 [2009], lv denied 13 NY3d 711 [2009]), we discern no basis to disturb Supreme Court’s determination that plaintiff failed to meet its burden of establishing its entitlement to reformation of the deed. Consequently, plaintiff’s request for counsel fees is denied.
McCarthy, Rose and Egan Jr., JJ., concur.
Ordered that the order is affirmed, with costs.

. The restrictive covenant provided that “the premises may only be used for residential purposes by no more than two (2) families and no clubs, associations, or organizations may use or occupy the premises.”

. Decedent also commenced an action against Salenger and plaintiff, seeking, among other things, recision of the contract based on mutual mistake in regard to a right-of-way contained in the deed. The two actions were later consolidated and, in the same order now on appeal, Supreme Court determined that decedent was not entitled to recission. Defendants did not appeal from Supreme Court’s order.

. Plaintiff does not allege the existence of a mutual mistake.

. The legal assistant testified that she called the title company and followed up with a fax. She further testified that she did not reach plaintiffs attorney when she called him, but left a message indicating that there was a problem with the description in the deed.

. Apparently, the attorney who had been representing decedent throughout the transaction was unable to attend the closing and sent someone on his behalf.