Brand Medical Supply, Inc., as Assignee of STEVEN THOMAS, Respondent, 
against
Infinity Ins. Co., Appellant.



Appeal from a decision of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), dated April 18, 2013, deemed from a judgment of the same court entered May 30, 2014 (see CPLR 5512 [a]). The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,772.59.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial. 
Following a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, the Civil Court awarded judgment to plaintiff in the principal sum of $1,772.59. In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824 [2008]). 
Contrary to defendant's assertion, plaintiff established its prima facie case, inasmuch as plaintiff's bill and proof of mailing were admitted into evidence through the testimony of plaintiff's owner, who testified that he had personally mailed the bill and that the bill had not been paid (see Viviane Etienne Med. Care., P.C. v Country-Wide Ins. Co., 25 NY3d 498, 502 [2015]; V.S. Med. Servs., P.C. v Travelers Ins. Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51760[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
In support of its defense of exhaustion of the policy limits, defendant unsuccessfully attempted to have the applicable insurance policy's declaration page, which set forth, among other things, the coverage limits of the policy (see e.g. Matter of Government Empls. v Ally, 106 AD3d 736 [2013]; Matter of State Farm Mut. Auto. Ins. Co. v Gray, 68 AD3d 1002 [2009]), admitted into evidence. Upon a review of the record, we find that the Civil Court erred in excluding the insurance policy declaration page from evidence. Defendant was not required to lay a CPLR 4518 (a) foundation for the declaration page, since a declaration page is not hearsay, but rather, as part of an insurance contract, it "has independent legal significance and need only be authenticated to be admissible" (All Borough Group Med. Supply, Inc. v GEICO Ins. Co., 43 [*2]Misc 3d 27, 28-29 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014], citing Kepner-Tregoe, Inc. v Leadership Software, Inc., 12 F3d 527, 540 [5th Cir 1994] and Beal-Medea Prods., Inc. v NY Cent. Mut. Fire Ins. Co., 36 Misc 3d 135[A], 2012 NY Slip Op 51347[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Here, the testimony of defendant's senior no-fault representative sufficiently identified the document as an accurate representation of the declaration page which defendant maintained electronically (see CPLR 4539 [a]; Kaliontzakis v Papadakos, 69 AD3d 803 [2010]). Furthermore, in describing defendant's procedure for generating a declaration page, defendant's witness satisfactorily set forth the "manner or method in which tampering or degradation of the reproduction is prevented" (CPLR 4539 [b]). Consequently, in view of the Civil Court's improper exclusion of the declaration page, a new trial is warranted. Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 05, 2016