Griffon Loring LLC v Amethyst Alt Asset Fund 2016 LLC (2022 NY Slip Op 02224)

Griffon Loring LLC v Amethyst Alt Asset Fund 2016 LLC

2022 NY Slip Op 02224

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Index No. 154292/19 Appeal No. 15656 Case No. 2021-02663 

[*1]Griffon Loring LLC, Plaintiff-Appellant,
v
Amethyst Alt Asset Fund 2016 LLC, et al., Defendants-Respondents.

Cordova & Schwartzman, LLP, Garden City (Jonathan B. Schwartzman of counsel), for appellant.
Rodriguez-McCloskey PLLC, Brooklyn (Craig Stuart Lanza of counsel), for Amethyst Alt Asset Fund 2016 LLC, respondent.
Sills Cummis & Gross P.C., New York (Joshua N. Howley of counsel), for Stout Street Fund I, L.P., respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.) entered on or about July 2, 2021, which, to the extent appealed from as limited by the briefs, granted defendant Stout Street Fund I, L.P.' motion for reargument, and upon reargument, vacated its prior order, entered on or about June 15, 2020, granting plaintiff's motion for an injunction enjoining Stout Street from conducting a foreclosure sale of seven properties at issue (the disputed properties) and denied the motion for an injunction, and denied plaintiff's cross motion for summary judgment dismissing Stout Street's answer, unanimously affirmed, with costs.
The prior order had mandated, based on a prior stipulation, that Stout Street agreed not to sell the disputed properties, despite an order in a foreclosure action determining that it was entitled to judgment of foreclosure and sale of those properties. As the motion court aptly noted upon reargument, however, Stout Street was, in fact, entitled to sell the disputed properties, since it had never entered into the so-ordered stipulation between other parties not to proceed with the sale.
On its cross motion, plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law (see Pullman v Silverman, 28 NY3d 1060, 1062 [2016]). The evidence shows that, in accordance with an order of attachment, certain properties were to be levied. Thereafter, an execution was delivered to the sheriff, directing him to sell a number of properties, including the disputed properties. The notice of sale, however, listed only 12 properties, and excluded the disputed properties. The sale was limited to the properties identified in the notice only. At the sheriff's sale, "various properties" were sold to plaintiff. Although the original deed, which was unsigned, listed the disputed properties, the sheriff immediately corrected the deed and clarified that he had erroneously listed the disputed properties (see Beebe v La Pierre, 114 AD2d 668, 669 [3d Dept 1985]). The sheriff further submitted an affidavit confirming the error, and noted that his office lacked the authority to sell the disputed properties (see Matter of New Cr. Bluebelt, Phase 4, 79 AD3d 888, 891 [2d Dept 2010], lv dismissed 16 NY3d 825 [2011]). Under the circumstances here, at a bare minimum, there are triable issues
of fact as to whether plaintiff bought the disputed properties as he claims.
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022