■ DENTON PUBLICATIONS, INC., Respondent, v SEAN LILLE-DAHL et al., Doing Business as FREE TRADER, Appellants.— Main, J. Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered September 14, 1984 in Essex County, which granted plaintiff's motion for summary judgment.

Defendants are the owners of a weekly newspaper and, during the period commencing February 5, 1982 through April 19, 1984, called upon plaintiff to provide its printing needs. On May 29, 1984, after this relationship had soured, plaintiff commenced an action against defendants seeking to recover for unpaid printing services rendered. After defendants answered by a general denial, plaintiff moved for summary judgment, which was granted in the sum of $8,161.72. Defendants appeal from the order granting that judgment.

Defendants contend that such a grant was in error for the reason that factual issues have been raised which make the granting of summary judgment inappropriate. It is well and long established that since the drastic remedy of summary judgment is the equivalent of a trial (*Falk v Goodman,* 7 NY2d 87), it must clearly appear that no triable issue of fact exists before the motion may be granted (*Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439). However, to defeat a motion for summary judgment, one must lay bare in evidentiary form the evidence upon which he relies (*Marine Midland Bank v Hall,* 74 AD2d 729). Bald conclusory assertions, even if

believable, are not enough to defeat summary judgment (*Erhlich v American Moniger Greenhouse Mfg. Corp.*, 26 NY2d 255, 259).

Our view of this record convinces us that the order of Special Term should be affirmed. The affidavit of plaintiff's office manager, Sandra Kaleita, avers that she met with defendant Rosa Lilledahl in October 1982 and that they arrived at an agreed figure as the amount due and the interest to be charged on the account. Kaleita further stated that they agreed on the form of the bills or invoices to be submitted in the future. This change of form was adopted in the hope of eliminating some previous confusion brought about by defendants' admitted persistent practice of issuing checks to plaintiff for which there were no funds available. Kaleita further averred that from October 1982 until the relationship was terminated, she went over each monthly statement forwarded to defendants with Rosa Lilledahl, who never questioned the amount due, and that defendants continued to make substantial payments on the account.

In her answering affidavit, defendant Rosa Lilledahl does not specifically deny these averments and concedes that defendants issued several checks for which there were insufficient funds. Her contention is that the invoices were inaccurate and that she continually questioned their accuracy. She does refer to three checks in the record, the proceeds of which she claims were never credited to defendants' account. Two of these checks were made payable to cash and the third was payable to Marine Midland. She further avers that these checks were converted to cash which, in turn, was paid to plaintiff. However, defendants provided no receipt or credit slip of any kind. These conclusory and unsupported assertions by defendants are lacking in substance and are insufficient to raise a triable issue of fact.

Order affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.