■ MARINE MIDLAND BANK, N.A., Respondent, v R. C. SHARP DEVELOPMENT CORPORATION et al., Defendants, and R. C. SHARP DEVELOPMENT JOINT VENTURE, Appellant. (And Another Related Action.)—Main, J. P. Appeals (1) from two orders of the Supreme Court at Special Term (Harlem, J.), entered March 22, 1985 in Otsego County, which granted plaintiff's motions for summary judgment, and (2) from two judgments entered thereon.

Plaintiff commenced two mortgage foreclosure actions in January 1983 involving different parcels of land located in the City of Oneonta, Otsego County. One action named as parties defendant R. C. Sharp Development Corporation, the mortgagor, and several other parties, including R. C. Sharp Development Joint Venture (Sharp Joint Venture), to which the

mortgaged property had been transferred following the recording of the mortgage by plaintiff. The second action named as defendants, *inter alia,* Harrigan Enterprises, Inc., the mortgagor, and Sharp Joint Venture, to which the mortgaged property had again been transferred after the mortgage was recorded. The complaints in both foreclosure actions recited as to Sharp Joint Venture only that it had some interest in the mortgaged property subordinate to that of plaintiff. After Sharp Joint Venture answered, plaintiff moved for summary judgment against it in both actions. Sharp Joint Venture opposed the motions, arguing that the complaints did not sufficiently state causes of action against it. Special Term, however, granted the summary judgment motions, and these appeals by Sharp Joint Venture ensued.

With regard to complaints in mortgage foreclosure actions, the specific nature of the interests of defendants whose claims are subordinate to that of the plaintiff need not be alleged. It is sufficient if the complaint contains a general allegation that the alleged claims are subject and subordinate to the plaintiff's interest in the property *(see,* 15 Carmody-Wait 2d, NY Prac § 92:140, at 22-23; 2 Drussel & Foran, Mortgages and Mortgage Foreclosure in New York § 33.9, at 109 [rev ed]). Here, the complaints in both actions stated as to Sharp Joint Venture that its interest in the mortgaged premises were subordinate to the interests of plaintiff. Thus, the complaints sufficiently stated causes of action against Sharp Joint Venture, which, in opposing plaintiff's summary judgment motions, failed to come forward and demonstrate the presence of any triable issue of fact with regard to either action *(see, Denton Pub. v Lilledahl,* 112 AD2d 658). Summary judgment was properly granted.

Orders and judgments affirmed, with costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.