■ ROSEN AUTO LEASING, INC., Respondent, v MARC D. JACOBS et al., Appellants. [780 NYS2d 438]—

Mercure, J.P. Appeal from an order and judgment of the Supreme Court (Moynihan, Jr., J.), entered October 24, 2002 in Warren County, which, inter alia, granted plaintiff's motion for summary judgment.

Plaintiff seeks damages of approximately $11,000 stemming

from defendants' alleged failure to pay under the terms of an automobile lease. In October 1996, defendant Marc D. Jacobs leased the automobile at issue from plaintiff, a Nebraska corporation, through plaintiff's agent in Colorado. Defendant Phyllis A. Jacobs, a resident of Warren County, co-signed the lease. Defendants contend that although the parties orally agreed to certain terms, they signed the lease "in blank" and plaintiff thereafter inserted new financing terms that differed from those to which the parties had agreed. Defendants claim that they objected and, after the financing terms were not changed and several payments had been made, surrendered the vehicle upon plaintiff's assurances that they would be released from the lease. Plaintiff contends that it did not make a second agreement to release defendants from the lease. Supreme Court granted plaintiff's motion for summary judgment in its favor and defendants now appeal.

Defendants do not dispute that plaintiff made a prima facie showing of entitlement to summary judgment through its tender of the written lease and uncontroverted assertion of nonpayment. Thus, the question before us is whether defendants have raised a triable issue of fact sufficient to defeat plaintiff's motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendants primarily argue that they raised questions of fact through their claims that the lease agreement submitted by plaintiff differs from the version they signed. Specifically, their undisputed claim is that they signed a lease that was blank with respect to certain material terms. Defendants further aver that when they received the lease, they discovered that the terms and conditions had been misrepresented. They fail to submit, however, any evidence beyond their affidavit to support this claim. Nor do they give any indication of what terms the parties did agree upon, beyond a conclusory statement that the financing set forth in the lease was "too expensive." Defendants concede, however, that they made several payments in accordance with the lease before they determined that they were unsatisfied with the financing provided therein.

Similarly, defendants provide no evidence to support their remaining claims that plaintiff did not consider the value of their trade-in vehicle in calculating damages and that plaintiff released them from the lease upon the surrender of the vehicle and defendants' forfeiture of their down payment, trade-in vehicle, security deposit and all payments made. Although defendants maintain that plaintiff did not properly credit them for the value of their vehicle—a 1987 pick-up truck—they fail even to estimate the value of that vehicle, let alone substantiate a

claim regarding its value. Inasmuch as " '[b]ald conclusory assertions, even if believable, are not enough to defeat summary judgment' " (*Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002], quoting *Denton Publs. v Lilledahl*, 112 AD2d 658, 658-659 [1985]; *see Zuckerman v City of New York, supra* at 562), defendants' claims in this regard are not sufficient to warrant denial of the motion.

To the extent that defendants' argument that they should be deemed to have no further liability based on the oral agreements that they made with plaintiff can be interpreted to assert a claim for reformation of the agreement based on plaintiff's alleged misrepresentation, that claim cannot bar summary judgment for similar reasons. Under certain circumstances, a claim of fraud may provide a basis for reformation of a written agreement where "the parties have reached [an oral] agreement and, unknown to one party but known to the other (who has misled the first), the subsequent writing does not properly express that agreement" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]; *see* Restatement [Second] of Contracts, § 166, Comment A, Illustration 1). A party seeking reformation must "show, by clear and convincing evidence, 'not only that mistake or fraud exists, but exactly what was really agreed upon between the parties' " (*Lacoparra v Bellino*, 296 AD2d 480, 481 [2002], quoting *Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]; *see Chimart Assoc. v Paul, supra* at 574). Because defendants failed to present clear and convincing evidence sufficient to raise a question of fact regarding what the parties agreed to initially or whether they reached a second agreement terminating the lease, Supreme Court properly granted plaintiff's motion for summary judgment.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, with costs.