Malone Jr., J.
Appeal from an order of the Supreme Court (Rumsey, J.), entered October 5, 2011 in Cortland County, which, *1215 among other things, granted defendant’s cross motion for summary judgment dismissing the complaint.
Plaintiff owns a building in the City of Cortland, Cortland County that was damaged by a fire in June 2008. The second floor of the building contained apartments and the first floor contained two spaces for retail stores and a self-service laundromat, which was owned and operated by plaintiff and was open to the public. At the time of the fire, plaintiff maintained a policy of insurance with defendant consisting of two parts, each part providing actual cash value compensation; coverage A had a limit of $829,000 and covered damage to the building and coverage B had a limit of $50,000 and covered damage to plaintiff’s business property contained within the building. Plaintiff then submitted a claim for both damage to the building and damage to the laundry equipment, alleging, among other things, a “replacement cost” loss of $258,145 for the laundry equipment. Defendant paid plaintiff $371,801.50 for damage to the building under coverage A and, after calculating the actual cash value of plaintiff’s loss with respect to the laundry equipment to be $60,723, paid plaintiff $50,000 under coverage B, the maximum amount available under the policy.
Plaintiff then commenced this action seeking, as is relevant here, a declaration that the damage to the laundry equipment was insured under coverage A, as part of the building, rather than coverage B, as part of the business, and, as such, defendant was required to pay the remainder of its claim for damages to the equipment. Following joinder of issue, plaintiff moved for summary judgment and, in response, defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff’s motion and granted defendant’s cross motion after finding that the laundry equipment was insured by only coverage B of the policy. Plaintiff appeals.
As is relevant here, coverage A of the policy at issue insured plaintiff’s “building,” including “permanent fixtures, machinery and equipment forming a part of or pertaining to the services of the building or its premises.” Coverage B of the policy insured plaintiffs “business property,” including “furniture and fixtures . . . machinery and equipment not servicing the building . . . [and] all other business property owned by [plaintiff] and used in [plaintiff’s] business.” In support of its position that the laundry equipment was insured under coverage A, plaintiff submitted the affidavit of its owner, Theresa Tutino, who opined that because the laundry equipment was hard-wired into the utilities systems of the building, it was part of the “structural integrity of the laundry walls” and, therefore, constituted *1216 fixtures forming a part of the building and pertained to the services of the building. In support of its position that the equipment was not insured under coverage A, defendant presented expert evidence that the laundry equipment neither formed a part of the building nor pertained to the services of the building. Specifically, one of defendant’s experts, a licensed independent insurance adjuster, averred that he had inspected the damage to the contents of the building and that, in his opinion, even though the laundry equipment was hard-wired into the utilities of the building, that fact did not render the equipment either part of the building or pertaining to the services of the building. The remainder of defendant’s evidence supports the finding that the laundry equipment was property used by plaintiff solely in the business of the laundromat and was not used by plaintiff in its capacity as a landlord to service the second floor apartments. Inasmuch as plaintiffs self-serving and conclusory statements to the contrary are insufficient to defeat defendant’s cross motion (see Charter One Bank, FSB v Leone, 45 AD3d 958, 959 [2007]; Rosen Auto Leasing, Inc. v Jacobs, 9 AD3d 798, 800 [2004]), we agree with Supreme Court that defendant was entitled to summary judgment dismissing the complaint.
Finally, we have considered plaintiffs argument that certain language of the insurance policy is ambiguous and find it to be without merit.
Lahtinen, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.