*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 3, 2016         521491
_____

MAINES PAPER & FOOD SERVICE,
   INC.,
                Appellant,

    v                            MEMORANDUM AND ORDER

THE PIKE COMPANY, INC.,
                Respondent.
_____


Calendar Date: January 12, 2016

Before: Peters, P.J., McCarthy, Rose and Lynch, JJ.

_____


     Hinman, Howard & Katell, LLP, Binghamton (Albert J. Millus Jr. of counsel), for appellant.

     Phillips Lytle, LLP, Rochester (Mark J. Moretti of counsel), for respondent.

_____


Lynch, J.

     Appeal from an order of the Supreme Court (Burns, J.), entered November 3, 2014 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

     In October 2009, plaintiff and defendant entered into a contract for the construction of a supermarket in the City of Ithaca, Tompkins County. After the project was completed, plaintiff discovered "considerable settling of the [supermarket's] floor." Plaintiff commenced this action alleging that defendant breached the contract and warranty contained therein. The gravamen of plaintiff's claim is that defendant failed to construct the foundation in accordance with the requirements of a geotechnical engineering report (hereinafter

report).  In relevant part, the report recommended that a slab on grade concrete floor could be constructed but, to limit potential settlement issues, the foundation slab not be connected to the pile caps.  Defendant argues that it complied with its contractual duty to construct the building in accordance with the specifications.  Following joinder of issue, defendant moved for summary judgment dismissing the complaint.  Supreme Court granted the motion, plaintiff appeals and we affirm.

A motion for summary judgment may be granted "if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212 [b]; see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Stubbs v Ellis Hosp., 68 AD3d 1617, 1618 [2009]).  Here, in support of its motion for summary judgment, defendant submitted the contract and an affidavit by Joseph Snyder, its former project manager.  Snyder explained that, during the course of the construction, defendant submitted a request for clarification (hereinafter RFC) to the project architect stating, "please refer to [specification] detail showing 4 pile cap rebar detail.  I do not see any rebar tying into . . . the slab at any of these locations.  Am I correct in assuming the slab is not tied into these pile caps along Col. Line 6, through the center of the building?"

The RFC includes a section titled "Recommendations:" that provides, "The slab is not directly tied to the pile caps along Column Line 6.  However, similar to exterior column locations #5 hair-pin dowels are required to be welded to the columns and embedded in the concrete slab-on-grade approximately 2 inches below the top of slab elevation.  The bars should be constructed to pass through the column isolation joint that should be placed around the interior columns.  A sketch of the condition is attached for reference."  According to Snyder, this recommendation was drafted by the architect.  Thereafter, a change order approved by the owner and architect was issued that, with reference to the "clarification" sought by the RFC, directed the contractor to "add rebar reinforcement . . . [to] tie-in the pile-cap, slab and column to each other.  This will provide

additional lateral support for the pile caps."  Snyder avers that defendant constructed the building in accordance with the architect's plans and design specifications, as clarified by the RFC and directed by the change order.

In our view, defendant's submissions showing that it followed the design specifications were sufficient to demonstrate prima facie entitlement to judgment as a matter of law (see Northeastern Plate Glass Corp. v Murray Walter, Inc., 147 AD2d 786, 787 [1989]).  In response, plaintiff relied primarily on the report, which, indisputably, recommended that the floor slab not be connected to the pile cap.  The project manual, however, provided that the report's recommendations were not contractual requirements unless specified, and plaintiff does not contend that this recommendation was specified in the applicable contract documents.[1]  Further, we are not persuaded that defendant was contractually obligated to confirm explicitly in the RFC that the specification conflicted with the report.  Though the contract obligated defendant to "carefully study and compare the various Contract Documents relative to that portion of the Work" prior to starting work, this was "for the purpose of facilitating [defendant's] coordination and construction . . . and . . . not . . . for the purpose of discovering errors, omissions, or inconsistencies [in the design information contained] in the Contract Documents."  Further, although defendant was obligated to report to the architect any "errors, inconsistencies or omissions discovered" as part of its review, the parties agreed that defendant's review was "in [its] capacity as a contractor and not as a licensed design professional," that defendant was "not . . . required to provide professional services that

_____

[1]  Plaintiff relies on the general notes set forth in drawing S201, the Foundation Plan, which provide that the "[f]oundation design criteria is taken from [the report, and that] [a]ll site work must comply with the requirements set forth in this report."  It is not apparent that the work at issue was considered "site work."  Moreover, the work at issue was specified in a different drawing, S301, which governed the "Typical Foundation Details & Sections."  Drawing S301 is not included in the record.

constitute the practice of architecture or engineering unless such services are specifically required" and that defendant was "not . . . responsible for the adequacy of the performance and design criteria specified in the Contract Documents."

"Where the terms of a contract are clear and unambiguous, it is settled that the rights and obligations detailed therein should be enforced as written, with the court . . . striving to give a fair and reasonable meaning to the language used" (AXA Global Risks U.S. Ins. Co. v Sweet Assoc., 302 AD2d 844, 846 [2003] [internal quotation marks, brackets and citations omitted]). Here, in effect, plaintiff suggests that defendant was obligated to act as a design professional and to challenge the directive in the change order. This obligation is not supported by the unambiguous terms of the contract. Defendant raised the issue in the RFC and, in response, the owner and architect directed the work, which, even if it was contrary to the recommendation set forth in the report, was not contrary to any contractual provision applicable to defendant. Further, because the change order was approved by both the architect and the owner, we do not believe that any alleged dispute with regard to the source of the "recommendation" response to the RFC presents a material question of fact.

Finally, we reject plaintiff's invitation to apply negligence principles to this action (see Stevens v Bast Hatfield Inc., 226 AD2d 981, 982 [1996]). "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987] [citations omitted]). Here, plaintiff does not allege that defendant engaged in a negligent act or violated a legal duty distinct from the contract (see id.; compare Suffolk County Water Auth. v J.D. Posillico, Inc., 191 AD2d 422, 423-424 [1993]).

Peters, P.J., McCarthy and Rose, JJ., concur.


ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court