| |
|---|
| **Sanders v Hoffman** |
| 2024 NY Slip Op 31128(U) |
| March 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 100956/2016 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. LESLIE A. STROTH       PART       **12M**

*Justice*

-----------------------------------------------------------------X

SCOTT SANDERS,

                Plaintiff,

          - v -

JEFFREY C. HOFFMAN ESQUIRE, SUSAN C. WOLFE
ESQUIRE, WILLIAM A. ROME ESQUIRE, SAMIRA DESAI
ESQUIRE, THOMAS MOORE ESQUIRE, HOFFMAN &
POLLOCK, LLP, BLANC (SIC) ROME, LLP, JOHN DOES 1-
6, JANE DOES 1-6

                Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 100956/2016 |
| MOTION DATE | 05/11/2023 |
| MOTION SEQ. NO. | 006 |

AMENDED
**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for          JUDGMENT - SUMMARY          .

      Plaintiff Scott Sanders commenced this action for breach of contract arising from a

retainer agreement entered into with the law firm Hoffman & Pollok, LLP. On April 24, 2009,

Mr. Sanders retained Hoffman & Pollok, LLP to represent him during the investigative stage for

insurance fraud in a federal criminal matter. The firm was retained by Mr. Sanders for a flat fee

of $250,000, with a new agreement to be provided if the matter remained unresolved and formal

charges were brought against him. Mr. Sanders was indicted in August of 2012 and a new

retainer agreement was entered into on September 5, 2012 (Exh C). Plaintiff alleges that

defendants failed to return $290,000 in unearned funds and that they billed for services in excess

of the hourly rate set in the retainer agreement.[1]

---

[1] On September 14, 2017, Judge Barbara Jaffe granted defendants' motion to dismiss each of plaintiff's causes of action except for breach of contract, and dismissed defendant Blank Rome LLP from the action (Exh F).

**100956/2016 SANDERS, SCOTT vs. HOFFMAN ESQ., JEFFERY C.**
**Motion No. 006**

**Page 1 of 7**

1 of 7

Plaintiff moves here for summary judgment on the breach of contract claim and for a finding that the $500,000 payment made to defendants was not a flat fee and is thus refundable as a matter of law. Defendants Hoffman & Pollok LLP and its partners Jeffrey C. Hoffman, Susan C. Wolfe, and William A. Rome, as well as associate Samira Desai filed a cross-motion for summary judgment dismissing the remaining claim. Plaintiff alleges that he had paid Hoffman & Pollok, LLP a retainer of $1,000,000, pursuant to the September 5th agreement - - $500,000 for the motion phase and $500,000 in the event the firm represented Mr. Sanders at trial. The LLP would be permitted to retain any remaining portion of the fee in the motion phase as a premium if the action was resolved at such stage. However, plaintiff maintains that the agreement provided that if the action proceeded to trial, he was to be billed on an hourly basis for legal services during the motion phase, any unused portion of the motion phase $500,000 would be returned to him, and the remaining $500,000 would be paid to the firm as a trial fee. When Mr. Sanders demanded the refund, given that the matter did not resolve at the motion phase, defendants refused to return any unused portion of fees from the motion phase.

It is well-established that the "function of summary judgment is issue finding, not issue determination" (*Assaf v Ropog Cab Corp.*, 153 AD2d 520 (1st Dept 1989) (quoting *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957])). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v Prospect Hospital*, 68 NY2d 320 (1986); *Winegrad v New York University Medical Center*, 64 NY2d 851 (1985)). Once a party has submitted competent proof demonstrating that there is no substance to its opponent's claims and no disputed issues of fact, the opponent, in turn, is required to "lay bare [its] proof and come forward with some admissible proof that would require a trial of the material questions of fact on which [its] claims rest" (*Ferber v Sterndent Corp.*, 51

**100956/2016 SANDERS, SCOTT vs. HOFFMAN ESQ., JEFFERY C.**
**Motion No. 006**

**Page 2 of 7**

2 of 7

[* 2]

NY2d 782, 783 (1980)). The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted (*See Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dept 1990)).

The Court of Appeals has held that "[w]hile, in the law generally, equivocal contracts will be construed against the drafters, courts as a matter of public policy give particular scrutiny to fee arrangements between attorneys and clients, casting the burden on attorneys who have drafted the retainer agreements to show that the contracts are fair, reasonable, and fully known and understood by their clients" (*Shaw v. Manufacturers Hanover Tr. Co.*, 68 NY2d 172 (1986)). "The general rule that equivocal contracts will be construed against the drafters is subject to particularly rigorous enforcement in the context of attorney-client retainer agreements" (*Albunio v. City of New York*, 23 NY3d 65 (2014); see also *Matter of Cooperman*, 83 NY2d 465 (1994) [noting that "attorney-client fee agreements are a matter of special concern to the courts and are enforceable and affected by lofty principles different from those applicable to commonplace commercial contracts"]).

Plaintiff argues that the agreement unambiguously and specifically provides through its terms and fee structure that the motion phase fee will become the firm's fully earned quantum meruit fee only if the matter is resolved without a trial. If the matter remained unresolved, the plaintiff was required to pay a flat fee of $500,000 for the trial phase, with the fees for the motion phase to be based on the firm's hourly billing rate.

Defendants aver that the language of the September 5th retainer agreement unambiguously provides for a trial fee of $1,000,000, which was agreed upon by Mr. Sanders, with no indication of a refund. In addition, defendants argues that the voluntary payment doctrine bars plaintiff from recovering any voluntarily payments Mr. Sanders made to defendants. If the Court denies summary judgment, defendants further move to dismiss the action against the

100956/2016   SANDERS, SCOTT vs. HOFFMAN ESQ., JEFFERY C.
Motion No. 006

Page 3 of 7

3 of 7

[* 3]

individual defendants, arguing that individual partners and employees of an LLP are not accountable for any breach of contract committed by the firm.

The Appellate Division has held that "[t]he general, well-settled rule with regard to contract interpretation is that an agreement is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Tompkins Fin. Corp. v. John M. Floyd & Assocs., Inc.*, 144 AD3d 1252 (3rd Dept 2016)).

Here, the intention of the parties cannot be determined from the four corners of the retainer agreement, which provides that plaintiff pay a retainer of $1,000,000 in the following manner: i) $500,000 as a "Motion Phase Fee"; and ii) $500,000 as a trial flat fee if the case is not resolved during the stage before trial. It is true that the agreement provides that "[i]n the event that the matter is resolved without trial, the Motion Phase Fee will be deemed a minimum retainer" and "any amount not used pursuant to time spent by the Law Firm (quantum meruit) shall be deemed a premium for the result..." (Exh C, p 1). The agreement also states that the "Trial Fee is a flat fee and not based upon hours at quantum meruit. The normal hourly billing rates for the firm are $750.00 per hour for Jeffrey C. Hoffman[;] Other partners' hourly rates are $550.00; associates' rates range between $350.00 and $450.00 per hour; and paralegal rates are $125.00 per hour" (Id at p 2). However, the retainer fails to explicitly state whether or not the compensation at the motion phase shall be set at an hourly rate upon failure to resolve the matter at this stage.

The First Department has held that "[o]n a motion for summary judgment, the construction of an unambiguous contract is a question of law for the court to pass on, and ... circumstances extrinsic to the agreement or varying interpretations of the contract provisions will

100956/2016   SANDERS, SCOTT vs. HOFFMAN ESQ., JEFFERY C.
Motion No. 006

Page 4 of 7

not be considered, where ... the intention of the parties can be gathered from the instrument itself" (*Koren Rogers Assocs. Inc. v. Standard Microsystems Corp.*, 79 AD3d 607 (1ˢᵗ Dept 2010)). Although it may be inferred that the parties did not intend to treat the motion fee the same as that of the trial fee based upon the exclusion of the language of a "flat fee and not based upon hours or quantum meruit", the Court finds that the language of the retainer agreement is ambiguous and insufficient to establish that the intention of either party was to have an hourly rate in the motion phase, entitling plaintiff to a refund of any unpaid portion of the initial retainer.

According to the Affidavit of Jeffrey C. Hoffman, Mr. Sanders was to pay a trial fee of $1,000,000 and had paid $992,500 (Hoffman Aff, ¶14). This appears to be confirmed in a letter dated October 18, 2013 from Mr. Sanders to the "Departmental Disciplinary Committee", in which Mr. Sanders states that "Upon indictment, I was asked by Mr. Hoffman to deposit an additional $875,000 dollars into his escrow account. The $125,000 dollar credit from the prior agreement was applied. The new retainer covered pre-trial, trial, pre-sentencing, sentencing, post-sentencing and bail pending appeal" (Exh G, p 3). Mr. Sanders makes no reference in the letter to the motion phase fee. In fact, an invoice from an October 17, 2013 correspondence detailed the following payments totaling an amount paid of $992,500 (Exh F, p 3):

| TRIAL | Fee per retainer agreement | $1,000,000.00 |
|---|---|---|
| 4/6/2012 | Check | $125,000.00 |
| 9/5/2012 | Credit from Investigative Stage | $125,000.00 |
| 11/5/2012 | Transfer from IOLA | $117,500.00 |
| 1/3/2013 | Transfer from IOLA | $20,000.00 |
| 1/14/2013 | Wire from Robinson, Brog et al | $193,000.00 |
| 1/23/2013 | Wire from Robinson, Brog et al | $172,000.00 |
| 1/24/2013 | Transfer from IOLA | $105,000.00 |
| 2/13/2013 | Wire from Robinson, Brog et al | $135,000.00 |
| | Total paid | $992,500.00 |
| | Unpaid Trial fee | $7,500.00 |
| | Expenses | $18,078.95 |
| | Amount owed Trial | $25,578.90 |

**100956/2016  SANDERS, SCOTT vs. HOFFMAN ESQ., JEFFERY C.**
**Motion No. 006**                                                          **Page 5 of 7**

[* 5]                                            5 of 7

The billing statement specifies that the payments are related to "trial" and fails to detail any information regarding the motion phase and if any of the payment descriptions, such as "Investigative Stage" are related to motion fees. Mr. Hoffman maintains that the inclusion of the hourly rates is "in the event a client fires the law firm during the pendency of a flat fee matter" (Hoffman Aff, ¶13). Yet, Mr. Sanders contends that the Motion Phase ended around January 31, 2013, and attaches pre-bill worksheets as of December 17, 2013 from Hoffman & Pollok LLP (Sanders Aff, ¶13 & Exh H). The Court finds that genuine issues of fact exist as to the parties' intention to pay the motion stage fees at an hourly rate and, as a result, whether plaintiff is entitled to any refund. Therefore, plaintiff and defendants' motions for summary judgment are denied in their entirety.

Finally, the Court addresses defendants' motion to dismiss the individual defendants from this action. Partnership Law § 26(b) "immunizes from individual liability any partner in a partnership registered as a limited liability partnership who did not commit the underlying wrongful act, except to the extent that Partnership Law § 26(c) imposes liability on that partner where he or she directly supervised the person who committed the wrongful act" (*Salazar v. Sacco & Fillas, LLP*, 114 AD3d 745 (2d 2014)). "Partnership Law § 26(c)(i) provides that each partner, employee or agent of ... a registered limited liability partnership may be individually liable for, inter alia, his or her negligent or wrongful act" (*Scarborough v. Napoli, Kaiser & Bern, LLP*, 63 AD3d 1531 (4th Dept 2009)). In addition, "[a] cause of action against a partnership for breach of contract does not lie against the individual partners absent an allegation that the partnership is insolvent or otherwise unable to pay its obligations" (*Lifeline Funding, LLC v. Ripka*, 114 AD3d 507 (2014)). Further, § 26(c)(ii) states that a partner, member, or employee of a registered limited liability partnership "shall be personally and fully liable and accountable for any negligent or

**100956/2016 SANDERS, SCOTT vs. HOFFMAN ESQ., JEFFERY C.**
**Motion No. 006**

**Page 6 of 7**

6 of 7

wrongful act or misconduct committed by him or her or by any person under his or her direct supervision and control" (N.Y. P'ship Law § 26 (McKinney)). Plaintiff has failed to establish that the individual defendants committed any negligent or wrongful acts of liability in its remaining breach of contract claim, in which Mr. Sanders primarily seeks a refund in any unpaid portion of the motion phase fee. Of note, the retainer agreement was signed by Jeffrey C. Hoffman on behalf of Hoffman & Pollok LLP (Exh C, p 4). Thus, the Court grants defendants motion to dismiss the individual defendants from the action.

Upon view of the foregoing, it is hereby

ORDERED, that plaintiff's motion for summary judgment is denied; and it is further

ORDERED, that defendants Hoffman & Pollok LLP, Jeffrey C. Hoffman, Susan C. Wolfe, William A. Rome, and Samira Desai's motion for summary judgment is denied; and it is further

ORDERED, that defendants Jeffrey C. Hoffman, Susan C. Wolfe, William A. Rome, and Samira Desai, as individuals, are dismissed from this action.

The foregoing constitutes the Decision and Order of the Court.

Dated: March 28, 2024

ENTER:

HON. LESLIE A. STROTH
J.S.C.

100956/2016   SANDERS, SCOTT vs. HOFFMAN ESQ., JEFFERY C.
Motion No. 006

Page 7 of 7